## HELMS ET AL., EXECUTORS, *v.* KEARNS.

DEMURRER.—*New Trial.*—An erroneous ruling upon a demurrer to a pleading is no ground for a motion for a new trial.

WITNESS.—*Decedents' Estates.*—On the trial of a claim against an estate, an agent of the claimant, who transacted the business with the deceased out of which the claim arose, is a competent witness.

SAME.—The executor of the estate is not a competent witness to testify as to transactions between the deceased and the claimant.

JUDGMENT.—*Special Finding.*—Where a complaint contains two paragraphs, and there is a special finding of facts by the court, and the facts found support all the material allegations of one of the paragraphs, but not of the other, judgment must be rendered as upon the paragraph that is supported by the finding, and it cannot be for an amount greater than is claimed therein to be due.

CONTRACT.—*Novation.*—*Promise to One for Benefit of Another.*—*Statute of Frauds.*—A., being indebted to B. on certain notes secured by a mortgage of real estate, sold the real estate to C., and C., in consideration of the sale and conveyance of the real estate, promised to pay B. the amount due him from A.

*Held,* that the conveyance of the real estate was a sufficient consideration to support the promise of C., and that his agreement was not within the statute of frauds.

*Held,* also, that the contract between A. and C. being for the benefit of B., he could avail himself thereof by suing C. thereon.

APPEAL from the Randolph Common Pleas.

WORDEN, J.—This was a claim filed by the appellee against the estate of Jacob Helms, deceased. The claim was in the ordinary form of a complaint in two paragraphs. The first paragraph alleged, in substance, that on the 9th of July, 1867, the plaintiff, Thomas Kearns, sold and conveyed to William J. Stump certain real estate situate in Randolph county, in part consideration whereof the said Stump executed to the plaintiff two promissory notes of that date, one payable in seventeen and the other in twenty-nine months, each for the sum of six hundred and fifty dollars; copies of the notes being set out; that the notes were secured by a mortgage executed by Stump and wife; that afterward Stump and wife executed a conveyance of the property to Jacob Helms, now deceased, who in part consideration therefor agreed with said Stump to pay the plaintiff said two

notes; that the plaintiff consented to the arrangement, adopted and ratified the agreement thus made, and agreed to look to and take said Helms for payment of said notes; that pursuant to said agreement, afterward, on the 4th of January, 1869, the said Helms did pay the plaintiff on the note first due the sum of one hundred and seventy dollars, which was indorsed on the note; that the notes remain due and unpaid except the said payment of one hundred and seventy dollars, above mentioned, and certain real estate which the said Stump let the plaintiff have, which he took and accepted in payment of eight hundred dollars on said notes; that the balance due on said notes is five hundred and thirty-two dollars and sixty-five cents.

The second paragraph alleges the sale of the property by the plaintiff to Stump, and the execution by Stump of notes to the plaintiff, as in the first paragraph, also the execution of the mortgage by Stump and wife to the plaintiff. It also alleges that afterward the said Stump contracted with and agreed to sell to said Helms the property mentioned, and the said Helms then and there agreed with the said Stump that in part consideration for said real estate he would pay off the said two notes; and in part consideration for said real estate the said Helms assumed and undertook with said Stump and plaintiff to pay said notes, which the plaintiff agreed and consented to; that in pursuance of said contract of sale by Stump to Helms, the latter took possession of the premises and occupied the same until the time of his death; that Helms, by virtue of his said contract with Stump, and by the ratification of said contract by the plaintiff, became bound to pay the plaintiff said notes; that he has failed to pay the same or any part thereof except one hundred and seventy dollars, which is credited on the note first due; and he demands judgment for two thousand dollars.

The defendants demurred separately to each paragraph of the complaint for want of sufficient facts, etc., but the demurrers were overruled, and they excepted. They then

pleaded the general denial, and the cause was submitted to the court for trial.

The court found the facts specially as follows: "That on the 26th of October, 1868, one William J. Stump being indebted to the plaintiff in the sum of thirteen hundred dollars, as evidenced by the notes described in the complaint, Jacob Helms, the defendants' testator, in consideration of the sale and conveyance to him of the real estate described in the complaint by said Stump, promised him, said Stump, that he would pay to the plaintiff the sum of money secured by said notes; that afterward the plaintiff assented to the arrangement and agreed to take said Helms, deceased, for the payment of said notes, and to look to him therefor; that in pursuance of such agreement, said Jacob Helms did, on the 4th day of January, 1869, pay to the plaintiff on the note first due the sum of one hundred and seventy dollars; that the balance of the notes described in the complaint remains due and unpaid; that Jacob Helms, deceased, on the —— day of September, 1869, died, testate, and the defendants are his executors; that there is due the plaintiff from the defendants as such executors the sum of thirteen hundred and seventy-six dollars and fifty-eight cents."

The defendants moved for a new trial, and filed written reasons therefor; but the motion was overruled, and they excepted. The amount thus found by the court was allowed the plaintiff against the estate. The first and second grounds upon which a new trial was asked were that error was committed in overruling the demurrers to each paragraph of the complaint. Had error been thus committed, it would have been no ground for a new trial, and the record should not have been swelled by the filing of such reasons. The remedy for such error is not by motion for a new trial.

One Peter S. Miller was the agent of the plaintiff in the transaction of the business mentioned in the complaint, and he was examined as a witness on behalf of the plaintiff, over the objection of the defendants. There was no error in this. Agents are competent witnesses. On the trial, the defend-

ants offered to examine, on their behalf, Thomas J. Helms, one of the executors, and to prove by him "that the deed had been rejected by Jacob Helms, and the reason why he refused it, and what had been done with the deed," but the witness was rejected. This ruling was proper. 3 Ind. Stat. 560, sec. 2.

On the further trial, the defendants offered to prove, by a competent witness, "that after the death of Jacob Helms, said William J. Stump reconveyed this same real estate back to the plaintiff, who then and there accepted and received the same," but upon objection being made, the evidence was excluded, and the defendants excepted. We cannot say that there was any error in this ruling. It was not offered to be shown that the land thus conveyed back was to be credited on the notes, or that the notes were thereby to be cancelled. For aught that was offered to be shown, the reconveyance by Stump to the plaintiff was upon a new and independent consideration, in no manner affecting the notes in question. This point, however, is not very material, inasmuch as from the view we take of the case in another of its phases, the defendants will have the benefit of the credit given for the land in the first paragraph of the complaint, unless the cause shall be tried *de novo*.

We cannot say that the finding of the court is not supported by the evidence. On the contrary, it seems to us that the evidence fairly sustains the finding. What we have said disposes of all the grounds upon which a new trial was asked. It is urged, however, that the damages were largely excessive, inasmuch as the defendants were not credited with the eight hundred dollars for the land conveyed by Stump to the plaintiff, and received by him and accepted in payment of that amount upon the notes, as admitted in the first paragraph of the complaint. As the defendants did not move for a new trial on the ground that the damages were excessive, we are led to inquire whether the record is in such condition as will allow the defendants to avail themselves of the omission of the credit.

We find by the bill of exceptions that the defendants excepted to the judgment rendered as well as to the overruling of their motion for a new trial.

In determining whether judgment could be rightfully rendered for the amount found by the court, it is necessary to determine whether both, and if not both, which, of the paragraphs of the complaint shall be found to be established by the finding. We think the first paragraph only is substantially and fairly established by the finding, and that judgment can be rendered for the plaintiff only on that paragraph.
. The facts, as alleged in the second paragraph, are not affirmed by the finding of the court. The first paragraph alleges a conveyance of the land by Stump and wife to the deceased, and that the deceased, in part consideration therefor, agreed with Stump to pay the plaintiff the notes in question. This the court, in substance, finds to be true. The language of the finding is, "the defendants' testator, in consideration of the sale and conveyance to him of the real estate described in the complaint by said Stump, promised him, said Stump, that he would pay to the plaintiff the sum of money secured by said notes."

The second paragraph alleges that "Stump contracted with and agreed to sell Jacob Helms the above-named real estates and premises, and the said Jacob Helms agreed then and there with said Stump, and promised him that in part consideration for said real estate he would pay off the said two notes, and in part consideration for said real estate the said Helms assumed and undertook with said Stump and plaintiff to pay said notes, which the plaintiff agreed and consented to," and "that pursuant to the contract of sale of the real estate aforesaid, the said Helms took possession of said real estate, and continued to occupy it till his death." None of these allegations, and they are vital to the paragraph, are established by the finding of the court. Without noticing the minor distinctions between the two paragraphs, we may observe that there is an important difference between them in respect to the consideration of the testator's

promise. In the first paragraph, the consideration is alleged to have been the conveyance of land. This is affirmed by the finding of the court. In the second paragraph, the consideration is alleged to have been an executory agreement (not shown to have been in writing) for the sale of land. This is not affirmed by the finding of the court.

The plaintiff being entitled to judgment, under the finding, only as upon the first paragraph of the complaint, it follows that he is entitled only to the amount therein claimed to be due upon the notes, with the interest thereon, from the time of filing the claim.

This view renders it unnecessary for us to pass upon the correctness of the ruling on the demurrer to the second paragraph.

Was the demurrer to the first paragraph correctly overruled? We think it was. It is urged that the contract or agreement therein set up is made void by the statute of frauds, being an agreement to answer for the debt of another. The contract was with the debtor to pay his debt to his creditor. Such a contract, it is well established, is not within the statute of frauds. Smith Con. 93; Browne Stat. of Frauds, sec. 188, and authorities cited in note; 1 Throop Verbal Ag'ts, sec. 362.

It is also claimed that there was no valid consideration for the promise. The conveyance of land would seem to be a sufficient consideration. There was no consideration for the testator's promise moving from the plaintiff, nor was any necessary. The contract was not made with the plaintiff. There was a valid consideration moving from Stump, to whom the promise was made, to the promisor, and that is all that was necessary to support the promise.

The contract between the testator and Stump being valid and binding as between themselves, and not within the statute of frauds, the question arises whether the plaintiff, whose debt the testator thus agreed with Stump to pay, can sue upon it. The authorities abundantly establish the proposition that

he can.   There are many cases in our own reports to that effect, but we shall not attempt to collect them all here.  We refer to *Davis* v. *Calloway*, 30 Ind. 112, where the point is decided, and where some of the previous cases are collected.   Such, also, is the law of other states.   *Judson* v. *Gray*, 17 How. Pr. 289; *Crocker* v. *Higgins*, 7 Conn. 342; *Hind* v. *Holdship*, 2 Watts, 104; *Brewer* v. *Dyer*, 7 Cush. 337.

The party for whose benefit a contract has been thus made is allowed to avail himself thereof by suing thereon, not because the contract is considered to have been made with him, but upon other grounds; and therefore, if the contract is valid as between the parties thereto, it can be enforced by the party for whose benefit it was made, although it might have been void had it been made with the latter, as being within the statute of frauds.

We have no doubt of the plaintiff's right to sue upon the contract set up in the first paragraph of the complaint.

As the plaintiff took judgment for a much larger sum than he was entitled to under the first paragraph, the judgment will have to be reversed.

But we think, under the finding, he is entitled to take his allowance against the estate for the sum claimed to be due on the notes in the first paragraph, viz., five hundred and thirty-two dollars and sixty-five cents, together with the interest thereon from the time of the filing thereof up to the time when judgment shall be rendered, if he see fit to do so, and remit the residue of the finding.  Otherwise, the cause must be tried anew.

The judgment below is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with this opinion.

*M. Way* and *T. J. Sample*, for appellants.

*Cheney & Watson*, for appellee.