## BONHAM ET AL. *v.* KEEN ET AL.

SUPREME COURT.—*Assignment of Error.*—*Insufficient Complaint.*—An assignment of error in the Supreme Court, that the complaint does not state facts sufficient to constitute a cause of action, presents this question, although no demurrer was filed below.

WITNESS.—*Husband and Wife.*—*Slander.*—The husband of a woman charged, as defendant in an action for slander, with having used the slanderous words, cannot testify as a witness as to the words used. *Mousler* v. *Harding,* 33 Ind. 176, overruled on this point.

APPEAL from the Daviess Circuit Court.

PETTIT, C. J.—The appellees brought this suit against the appellants for slander, and we would willingly set out the complaint, but for its vulgar words, which we think would be a disgrace to our reports, and ought not to be published in them. It is, however, in due and proper form, and charges that Mrs. Keen had a loathsome and venereal disease.

Answer of general denial; trial by jury, and verdict for the plaintiffs (appellees) for six hundred dollars. Motion for a new trial for the reasons, "first, the verdict is contrary to law and not sustained by evidence; second, excessive damages; third, error in refusing to give an instruction asked to the jury; fourth, error in excluding Mr. Bonham's testimony." This motion was overruled, exception taken, and judgment rendered on the verdict.

The errors assigned are, "first, in refusing to allow the defendant Martin L. Bonham to testify as to the alleged slanderous words spoken by his wife and co-defendant; second, in refusing to give the instruction asked by the defendants; third, in overruling the motion for a new trial, and rendering final judgment on the verdict, the complaint not containing facts sufficient to constitute a cause of action." The first and second assignments are no assignments of error, but are only causes for a new trial, which we can and must consider under the third assignment of error. Under this assignment of error it is said that the complaint is not sufficient (which we hold may be taken advantage of here without any question having been raised on it below), but if

a complaint which, in proper form, charges that one woman said of another the words charged in the complaint (and we cannot conceive of a grosser slander), is not a cause of action, we know of no words that would be actionable. We hold the complaint good and the words to be slanderous, and will not reverse the judgment for want of a sufficient complaint.

Could Bonham, one of the defendants, and husband of his wife, who was charged with the slander, testify as to what words were used and spoken by his wife? We hold that he could not. Her land would be first and primarily liable for any judgment that might be recovered. 1 G. & H. 374, sec. 4.

The case of *Mousler* v. *Harding,* 33 Ind. 176, so far as it holds that the husband may be a witness in such a case, is overruled. The instruction asked and refused is, like the complaint, unfit to be set out; but we hold that it was properly refused, either class of words being equally slanderous, and that there was no substantial variance in their purport from those set out in the complaint.

The evidence, while it is not in strict accord as to the slanderous words spoken, fully sustains, warrants, and justifies the verdict, and we cannot say that for using such language by one woman of another six hundred dollars are excessive damages; nor would we disturb the verdict and judgment if the amount had been doubled.

The judgment is, in all things, affirmed, at the costs of the appellants, with five per cent. damages.

*J. H. O'Neall, T. R. Cobb,* and *N. F. Malott,* for appellants.
*J. W. Burton* and *S. H. Taylor,* for appellees.