## McDill *v.* Gunn et al.

EVIDENCE.—*Objection to.*—*Motion for New Trial.*—On appeal, in order to raise the question of the admission of improper evidence, the attention of the court below must have been called to the improper evidence, and it is necessary to point it out in the motion for a new trial.

SAME.—*Parol Evidence.*—*Vendor and Purchaser.*—Parol evidence may be given to show the real consideration of a deed of conveyance of real estate, and that the purchaser took the conveyance subject to incumbrances and agreed to discharge them in addition to the consideration stated in the deed.

NEW TRIAL.—*Motion.*—*Demurrer.*—Error in overruling or sustaining a demurrer is not a ground for a new trial.

VENDOR AND PURCHASER.—*Incumbrances.*—*Consideration.*—The parol agreement of a vendee of mortgaged land to pay off the mortgage, as part consideration of the purchase, is valid. It is not within the statute of frauds, and need not be in writing, and may be proved by parol. It is an agreement to

pay his own debt, not that of another; and in a proceeding to foreclose, the court may decree that the land be sold and render several judgments against the mortgagor and his vendee, and that, for any sum remaining unpaid after the sale of the mortgaged premises, execution be first levied of the property of such vendee.

From the Tippecanoe Common Pleas.

*W. C. Wilson, G. O. Behm, A. O. Behm, J. D. Gongar,* and *C. H. Test,* for appellant.

*H. W. Chase, J. A. Wilstach,* and *J. H. Brown,* for appellees.

OSBORN, J.—Gunn, one of the appellees, filed a complaint in the Tippecanoe Common Pleas, to foreclose a mortgage upon real estate, executed by Ward and wife to Weaver, to secure six promissory notes of five hundred dollars each, given by Ward to Weaver and assigned by Weaver to him. They were dated December 1st, 1868, and payable in one, two, three, four, five, and six years, with six per cent. interest, and ten if not paid at maturity. The note first falling due had been paid.

The complaint, in addition to the usual averments in a complaint of foreclosure, alleges, "that on or about the 13th day of July, 1869, the defendants William H. Ward and Mary A. Ward, his wife, sold and conveyed by deed said mortgaged real estate to said defendant McDill, for the sum and price of three thousand dollars, and said McDill accepted said deed and agreed to and with said William H. Ward to pay and satisfy to the plaintiff said notes above set forth, so made to said Weaver, and amounting to two thousand five hundred dollars, besides interest, as a part of the purchase-money of said real estate."

Ward filed a cross complaint against McDill and Gunn, setting up substantially the same facts as were stated in the original complaint, and praying for a decree for specific performance against McDill and judgment against him for the full amount unpaid on the notes, that the mortgaged property be sold to pay the judgment, and that any balance left

unpaid after the sale of the mortgaged property be made of the property of McDill before resorting to that of Ward.

McDill filed separate demurrers to the complaint and cross complaint, which were overruled, and exceptions taken. He also moved to strike out certain parts of the complaint, which was overruled, and he excepted.

He then filed an answer to the complaint and cross complaint of three paragraphs. 1st. The general denial to both complaints. The second purports to be an answer to the original complaint. It admits the notes and mortgage and the conveyance to him by Ward and wife, subject to the mortgage. It denies nothing, and concludes as follows: "And as to all the rest of said plaintiff's complaint, except that which seeks to subject to sale said realty described, to pay the debt secured by said mortgage, he says that no memorandum or note thereof is in writing signed by the defendant or by any one by him lawfully authorized thereunto; wherefore, he says said plaintiff is not entitled to any personal judgment against this defendant, in case said realty is insufficient to pay said mortgage debt." The third is an answer to the cross complaint. It admits the execution of the deed of conveyance by Ward and wife, and sets out a copy of the deed. It is an ordinary warranty deed, "subject to the purchase-money mortgage, now held by E. M. Weaver on the same," and avers "that said deed contains the entire agreement and contract between said parties in relation to said real estate;" and that said Ward is not entitled to the relief sought in his cross complaint.

Ward filed a demurrer to the third paragraph of the answer, on the ground that it did not state facts sufficient to constitute an answer to the cross complaint.

Gunn filed separate demurrers to the second and third paragraphs of the answer, on the ground that they did not state facts sufficient to constitute an answer to the complaint.

The demurrer to the second paragraph was sustained and overruled to the third. Exceptions were taken to both rulings.

The cause was tried by a jury, who returned a general verdict for the plaintiff, and that the amount due upon one of the notes was four hundred and eighty-one dollars and sixty-seven cents, and, also, a finding for the plaintiff on the notes to fall due and the amount of each note specifically, and that McDill did undertake and agree with Ward to pay the notes.   And in answer to an interrogatory, they answered that Ward conveyed the real estate described in the complaint to McDill by deed in fee simple, on the day mentioned in the complaint, and McDill, in consideration of the conveyance, agreed to pay and satisfy in full the mortgage debt upon the property.

McDill moved the court for a new trial and filed written causes therefor.

1st.  That the verdict was contrary to law and evidence.

2d.  That the court admitted improper evidence upon the trial of the cause, over his objections.

3d.  The court committed an error in overruling the demurrer to the complaint and cross complaint, and in sustaining the demurrer to the second paragraph of the answer.

4th.  The verdict should have been for him on the evidence.   The motion was overruled, and he excepted and filed his bill of exceptions, setting out the evidence.

Final judgment of foreclosure was rendered; also, several judgments against Ward and McDill for any sum remaining unpaid after the sale of the mortgaged premises, to be first levied of the property of McDill, all without relief from valuation.

Errors are assigned for overruling the demurrer to the complaint and cross complaint; for overruling his motion to strike out parts of the cross complaint; for sustaining the demurrer of the appellant to the answer and cross complaint; and for overruling the motion for a new trial.

The second cause for a new trial is too general to raise any question.   The attention of the court below was not called to any alleged improper evidence.   We have uniformly held it necessary to point it out in the motion, in

order to get the benefit of it in this court. The third cause is not a ground for a new trial. As to the first cause, we have read the evidence and think it sustains the verdict. The fourth is included in the first.

The appellant relies chiefly upon the rulings of the court below upon the demurrers for a reversal of the judgment. He insists that the agreement to pay the notes and mortgage was an undertaking to pay the debt of another, and not binding upon him because not in writing. He also insists that by executing a deed conveying the property "subject to the mortgage," Ward precluded himself from establishing by parol a promise to pay the purchase-money.

Conveying the land subject to the mortgage does not tend to show that the appellant did not promise to pay for it. Its effect is to except the mortgage from the covenant against incumbrances. It does not affect the agreement to pay the purchase-money. Parol evidence may be introduced to show that the consideration has not been paid, or that it is more or less than the amount specified, notwithstanding the recital of the amount and the acknowledgment of its receipt in the deed; not for the purpose of defeating the conveyance, but to fix the amount of the consideration. 3 Washb. Real Prop. 327; *Grout* v. *Townsend*, 2 Hill N. Y. 554. Parol evidence may be given to show the real consideration of a deed, and that the purchaser took the conveyance subject to incumbrances and agreed to discharge them in addition to the consideration stated in the deed. *Allen* v. *Lee*, 1 Ind. 58; *Rockhill* v. *Spraggs*, 9 Ind. 30; *Pitman* v. *Conner*, 27 Ind. 337; *Robinius* v. *Lister*, 30 Ind. 142.

The promise to Ward to pay the notes and mortgage may be enforced by the holder. *Bird* v. *Lanius*, 7 Ind. 615; *Day* v. *Patterson*, 18 Ind. 114; *Cross* v. *Truesdale*, 28 Ind. 44; *Davis* v. *Calloway*, 30 Ind. 112; *Marlett* v. *Wilson's Ex'r*, 30 Ind. 240; *Burr* v. *Beers*, 24 N. Y. 178. In the case last cited, it was held that the mortgagee might maintain a personal action against a grantee of the mortgaged premises, who had assumed to pay the incumbrance.

The appellant purchased the property for three thousand dollars, and agreed to pay off the notes and mortgage in suit, as a part of the purchase-money. He agreed to pay his own debt to the holder of the notes against his vendor, not the debt of another. Whenever the promisor's agreement is, in effect, to pay off his own debt, though that of a third person be incidentally guaranteed, it is not necessary that the agreement should be in writing. Browne Frauds, sec. 165; *Gold* v. *Phillips*, 10 Johns. 412. In that case the defendants had bought a farm, and as part payment agreed to pay the plaintiff a debt against the vendor. The court, on page 414, said: "The promise of the defendants was not within the statute of frauds. It had no immediate connection with the original contract, but was founded on a new and distinct consideration. * * * The defendants made the promise in consideration of a sale of lands made to them by Aaron Wood; and they assumed to pay the debt of the plaintiffs, as being, by arrangement with Wood, part payment of the purchase-money." *Barker* v. *Bucklin*, 2 Denio, 45. In that case the action was upon a promise by the defendant in consideration of a pair of horses delivered to him by his brother, a debtor of the plaintiff, to pay him the value of the horses toward the debt, which the seller of the horses owed the plaintiff. The judge delivering the opinion of the court reviews the authorities and on page 60 says: "There cannot be any objection arising under the statute to the enforcing a promise made upon good consideration, by a third person to a debtor, to pay his creditor a specified debt, although such agreement is not in writing. The statute does not embrace such agreement, but only an agreement by which one party promises the other to answer for the debt, etc., of another person." And on page 61 he says: "It was not a promise to answer for the debt of another person, but merely to pay the debt of the party making the promise, to a particular person designated by him to whom the debt belonged, and who had a right to make such payment a part of the contract of sale. Such promise was no

more within the statute of frauds than it would have been if the defendant had promised to pay the price of the horses directly to his brother of whom he purchased them." *Helms* v. *Kearns*, 40 Ind. 124.

An additional brief is filed by the appellant, in which it is claimed that the judgment authorizing a sale without relief is erroneous. No objection was made or exception taken to the rendition of the judgment in that form, and no error has been assigned for that cause. If it was an error, it is not available to the appellant.

The judgment of the said Tippecanoe Common Pleas is affirmed, with costs.