## BERKSHIRE ET AL. *v.* YOUNG.

STATUTE OF FRAUDS.—*Vendor and Purchaser.*—*Mortgage.*—A verbal promise
of the purchaser of an equity of redemption to pay the mortgage debt, made
after his purchase and not connected with the consideration to be paid there-
for, cannot be enforced by the mortgagee, although a valuable consideration
may have been given for the promise. Such an undertaking is void by the
statute of frauds.

JUDGMENT.—*Review of.*—When judgment by default has been rendered on an
insufficient complaint, the defendant may maintain a proceeding for a review
and reversal of the judgment in the same court, although no exception appears
in the record.

PRACTICE.—*Motion to Strike Out.*—*Transcript.*—When it appears by the record
that a part of the complaint was struck out on motion, but it is not shown
clearly, either by the clerk's entry or a bill of exceptions, what words were so
struck out, the Supreme Court will consider the complaint as it appears in the
transcript to be correct.

From the Ripley Common Pleas.

*H. W. Harrington,* for appellants.

*J. Young, J. T. Dye,* and *A. C. Harris,* for appellee.

OSBORN, J.—On the 2d day of August, 1866, Henry B.
Lipperd executed to the appellant Berkshire three promis-
sory notes, one for five hundred dollars, and the other two
for eight hundred and eighty-seven dollars and fifty cents
each; the first payable on the 25th day of December, 1866,
and the others on the 25th of December, 1867 and 1868,
respectively. On the same day, Lipperd and his wife exe-
cuted a mortgage upon certain real estate in Ripley county,
in this State, to secure the payment of those notes. It was
duly acknowledged and recorded in the record of mortgages
of that county. Afterward, Lipperd paid off and took up the
five-hundred-dollar note, and he also paid the sum of sixty-
five dollars on the note for eight hundred and eighty-seven
dollars and fifty cents first falling due. Berkshire assigned
the note last falling due to one Joseph Malin, who indorsed
it to the appellant Armel. After the execution of the notes
and mortgage, Lipperd was, by the District Court of the
United States for this district, adjudged a bankrupt, and

William Bradshaw was appointed assignee, who, as such assignee, sold and conveyed to the appellee the equity of redemption in the real estate so mortgaged, for the sum of four dollars.

Berkshire filed a complaint in the Ripley Common Pleas to foreclose the mortgage, to make the amount due on the note in his hands, and made Lipperd and his wife, Armel, Bradshaw, and the appellee, parties defendants to his complaint. All the facts before recited were alleged in his complaint, and in addition it was averred that the appellee purchased the real estate, subject to the incumbrance of the mortgage, and "that the said Young, for a valuable consideration to him paid since the said sale, expressly agreed to pay off the incumbrance, and in case he failed so to do, to become personally liable for any amount due on said mortgage over and above the sum said real estate should sell for, on an order of sale issued on any decree on said mortgage." Prayer for foreclosure, etc., and for judgment against appellee for the remainder, after the sale of the mortgaged premises, and for general relief.

Armel appeared to the action without service of process, and filed a cross complaint, setting up the same facts as are contained in the original complaint, and prayed for a foreclosure and judgment against the appellee, and for general relief.

Bradshaw and the appellee were defaulted. Lipperd answered, admitting the allegations in both complaints against him, and set up his discharge by the district court as a bankrupt. The cause was tried by the court, resulting in a finding of facts which, although not good as a special finding under section 341, 2 G. & H. 207, is sufficient for a general finding for the appellants; that there was due to Berkshire nine hundred and fifty-four dollars and thirty-five cents, and to Armel one thousand and nineteen dollars and fifteen cents. A judgment was rendered against Lipperd and the appellee for those sums, and for a foreclosure of the mortgage, in the usual form, without appraisement, and that any balance

remaining unpaid after the sale of the mortgaged premises should be levied of the property of the appellee subject to execution, and that Lipperd was not liable for such balance.

Afterward, on motion of the appellants, an alleged omission in the entry in the judgment was corrected by an entry *nunc pro tunc*, by which certain real estate described in the mortgage, but omitted in the order of sale, was included in the order.

Within three years from the rendition of the decree, the appellee filed his complaint in the Ripley Common Pleas for a review of the proceedings and judgment, alleging as errors, among other things, " Because the complaint of Berkshire in his suit for foreclosure as to said John Young, the plaintiff herein, does not state facts sufficient to constitute a cause. of action against him; that as to the cross complaint of Abraham Armel, it does not state facts sufficient to constitute a cause of action against the plaintiff herein."

It also alleges that the court erred in rendering judgment against him in favor of the appellants on the finding of the court; that the court erred in rendering a personal judgment against the appellee, because the complaint did not state facts sufficient to authorize a personal judgment against him.

Other errors are alleged and facts stated for a review of the judgment, but we do not deem it necessary to set them out in this opinion.

The appellants filed sundry motions to strike out parts of the complaint, indicating the parts to be stricken out by pages and lines. The entry of the clerk in the record recites that part of the motions were sustained, and part overruled; that each party excepted to the adverse rulings of the court on such motions. Bills of exceptions were filed, but they do not set out the words included in the motions granted, or overruled. The clerk has stated in the transcript, that they commence and end on certain lines and pages. There is nothing in the record by which we can tell what words were included in any of the motions. We can only take the record as it comes to us, and must regard what is in the

transcript as constituting part of the complaint as being legitimately there, and forming a part of it.

The appellants filed separate demurrers to the complaint, which were overruled, and exceptions were taken. They also confessed errors as to so much of the personal judgment against the appellee as waived appraisement. The appellants refusing to answer, final judgment was rendered that these judgments be reversed so far as the same were personal judgments against the appellee, and for costs against the appellants. To which exceptions were taken as follows : " And to the rendition of this judgment the said defendants, Berkshire and Armel, except."

The errors assigned call in question the rulings of the court.

As to the rulings of the court on the motions to strike out parts of the complaint, we have already seen that they are not in the record in such a way as to raise any question upon them.

The appellants insist that a bill of review will not lie for errors of law appearing in the proceedings and judgment, unless the action of the court was excepted to; that the only remedy which the judgment defendant has in such a. case, is to apply for relief under section 99, 2 G. & H. 118,. and the amendment thereto, approved March 4th, 1867, 3 Ind. Stat. 373; and we are referred to decisions of this court to sustain that view. It will be observed, by reference to. the cases holding that a bill of review will not lie unless exceptions were taken, that the reason is, because the party by failing to except has waived the error, and he cannot by filing a bill of review avoid his waiver. The statute allows a bill of review "for any error of law appearing in the proceedings and judgment," etc. 2 G. & H. 280, sec. 537. An effort was made to extend its application to cases. where errors intervened during the progress of an action which had been waived. And although language may have been used in some of the opinions which seems to hold that a complaint to review a judgment would not lie in any case for errors of law apparent upon the face of the record, unless.

an exception was taken to the action of the court, we are satisfied that it was not the purpose of the court to so hold. The language was used with reference to the case under consideration. If it had been waived, it was no longer an error within the meaning of the statute. The same statute that made the waiver a bar to the bill of review made it equally so to an appeal. If the error had been waived, it would not be available to review the judgment in the same court, or reverse it in this. If it had not, then on appeal the judgment would be reversed. *Heitman* v. *Schnek*, 40 Ind. 93; *Bonham* v. *Keen*, 40 Ind. 197; *Curran* v. *Curran*, 40 Ind. 473. The same reason applies to complaints for review. The whole question depends upon whether a failure to except amounts to a waiver. This distinction is recognized in *Train* v. *Gridley*, 36 Ind. 241, on p. 248. That a complaint does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur. It may be assigned for error in this court, and the objection made for the first time in that manner. Cases in 40 Ind., *supra*.

That brings us to the question of the sufficiency of the complaint to authorize a personal judgment against the appellee. We proceed to consider it.

The allegations in the original and cross complaints are substantially the same. So that when one is considered and disposed of, the other follows.

Berkshire held a note secured by mortgage upon Lipperd. The appellee had become the purchaser of Lipperd's equity of redemption. He was not the debtor of Lipperd. Berkshire in his complaint charged that the appellee, for a valuable consideration to him paid, agreed to pay Lipperd's note, and if he did not do so, he would become personally liable for any amount left unpaid after the mortgaged property was sold. The allegation is, that " for a valuable consideration to him paid," he made the promise. The whole contract was for the payment of Lipperd's note. That is the substance of the transaction as stated. He was paid a

valuable consideration to guaranty the payment of the debt. It not being alleged that the promise was in writing, the presumption under our code is, that it was not, and the objection may be taken by demurrer. *Harper* v. *Miller*, 27 Ind. 277; *Crosby* v. *Jeroloman*, 37 Ind. 264. The promise was not made as a mode of paying his own debt, as in *McDill* v. *Gunn*, 43 Ind. 315, and *Helms* v. *Kearns*, 40 Ind. 124. In those cases the contract was to pay the debt of the promisor to a third person, to whom his creditor was indebted.

We do not think any useful purpose will be accomplished by attempting to reconcile the decisions on the subject of the liability of a party on his promise, not in writing, to pay the debt of a third person, or when such promise is, or is not, within the statute. We think the different rulings, however, will be found, in a great measure, to be more apparent than real, growing out of expressions used by judges with reference to the facts in each particular case. Very many attempts have been made to lay down specific rules under which it can be determined whether the particular promise is within the statute. Decisions have been reviewed and criticised, and much learning and research manifested, and yet the questions remain unsettled. Of course, the trouble results from an effort to take the cases out of the statute requiring a promise to pay the debt of another to be in writing. Amongst the many cases alluded to may be included *Mallory* v. *Gillett*, 21 N. Y. 412, *Fullam* v. *Adams*, 37 Vt. 391, and *Barker* v. *Bucklin*, 2 Denio, 45. In the cases of *McDill* v. *Gunn* and *Helms* v. *Kearns*, *supra*, and perhaps others, this court has held that where one promises to pay his own debt to a third party, to whom his creditor is indebted, or where he purchases property subject to an incumbrance, and as a part of the purchase-money agrees to pay the mortgage debt, he will be liable, and the promise is not within the statute. Browne on Frauds, 213, sec. 214, says: "It is not the motive of the promisor, nor the nature of the consideration for his promise, but the substance of the transaction between him and the promisee that must be

regarded in determining whether the promise is within the statute. If the defendant is under an obligation to pay the amount of the debt independently of any contract of guaranty, his promise to pay it, though expressed as a guaranty, or an agreement to answer for the debt of another, is binding without writing. The substance of the transaction is his undertaking to pay his own debt in a particular way." In the case at bar, the substance of the transaction was, that for a valuable consideration paid to the appellee therefor, he promised to pay Lipperd's debt. The appellants contend that Lipperd was not liable when the promise was made, because he had been discharged by the bankrupt court, and therefore it was not necessary that the promise should be in writing. He was not discharged as the result of the transaction. *Crosby* v. *Jeroloman,* 37 Ind. 264; *Ellison* v. *Wisehart,* 29 Ind. 32. And, besides, the discharge might be set aside and vacated by the court granting it, for good cause shown. The promise was not connected with the purchase of the property. The whole transaction took place, as it is expressly alleged in the complaint, after such purchase. In fact, the averment in the complaint shows that it was nothing more than an unwritten promise to pay the debt of another, for a valuable consideration. To hold such a promise binding would practically nullify the statute. Its purpose would be utterly defeated, and the binding force of contracts would depend upon the question of whether they were founded upon a valuable consideration, and not whether they were in writing and signed as the statute requires. It acquired no additional validity from the fact that the appellee had, before that time, become the purchaser of Lipperd's equity of redemption in the mortgaged property.

We think the causes mentioned were sufficient to entitle the appellant to a review and reversal of the judgments in favor of both appellants against the appellee, and that the court below committed no error in reversing them. It is immaterial whether the other causes were good or not, and it is unnecessary to consider them. If there is one available

error of law assigned, appearing in the proceedings and judgment, that is sufficient to reverse the judgment, although others are assigned which are not available.

The judgment is affirmed, with costs.