## BRAKE v. KING ET AL.

STATUTE OF FRAUDS.— *Vendor's Lien on Realty.*—*Promise by a Mortgagee.*— The verbal promise by the mortgagee to the mortgagor of a tract of real estate, on the execution by the latter to the former of a mortgage thereon, to pay an unpaid balance of the purchase-money on such real estate owing thereon from such mortgagor to his vendor, in case of a foreclosure of such mortgage and sale of such real estate without redemption, is void by the statute of frauds.

VENDOR AND PURCHASER.— *Vendor's Lien on Realty.*—*Set-Off.*—*Suit against Vendor by Purchaser's Vendee.*—In an action to recover for the amount of a promissory note executed by the defendant, the latter can not set off the amount of a lien for the unpaid balance of the purchase-money on a tract of real estate purchased and held by the plaintiff with full knowledge of such lien, which is due and owing from an insolvent former owner of such real estate, on his purchase thereof from defendant.

From the Vigo Circuit Court.

S. *Claypool*, for appellant.

J. M. *Allen* and W. *Mack*, for appellees.

PERKINS, J.—Brake, assignee of Ralston, on the 17th day of September, 1869, commenced suit against the makers on this note.

"TERRE HAUTE, IND., February 20th, 1869.

"Six months after date we or either of us promise to pay to the order of John F. Ralston, three hundred and fifty dollars, value received, without relief from valuation or appraisement laws, with interest.

"LUCY R. KING.

Indorsed;                    "SARAH KING."

"JOHN F. RALSTON."

Answer, by way of set-off, that on the first day of January, 1866, more than three years prior to the execution of the note sued on, Lucy R. King, principal in said note, was the owner of a lot in Terre Haute, which, on that day, she sold to Louisa Vanderpool for six hundred and fifty dollars, all paid in hand except two hundred dollars, for which said Lucy took said Louisa's note, which is due and unpaid; that said Louisa is utterly insolvent; that on the 26th day of March, 1866, said Louisa Vanderpool mortgaged the lot she had purchased of said Lucy to one Colby, for five hundred dollars, which mortgage Colby obtained by fraud and without consideration and with full knowledge of said Lucy's unpaid note for purchase-money for said lot; that Colby afterwards assigned said mortgage to plaintiff, Brake, who took it with full knowledge of all the facts; that plaintiff foreclosed said mortgage against said Vanderpool, and purchased the mortgaged property on the sale upon the decree, and is now the owner thereof; that "said Colby, when he took said mortgage, agreed with said Vanderpool to pay defendant Lucy's debt, in case of foreclosure and sale of the mortgaged premises without the same being redeemed, which fact the plaintiff well knew; that the time for redemption had passed and it had not been made, wherefore the defendants offer to set off said two hundred dollar note against the plaintiff's demand, he being now the owner

of the property on which said note is a lien, and pray judgment."

Demurrer to the answer was overruled, and exception noted.

Reply in two paragraphs:

1. Denial.

2. That before the plaintiff purchased the note sued on, the defendants assured him they had no defence or set-off to the same.

Trial, verdict for plaintiff for one hundred and twenty-seven dollars and fifty cents. Motion for a new trial overruled, and judgment rendered, not for the plaintiff, but against him, for costs.

The ruling of the court on the demurrer is assigned for error in this court.

To enable us to get a clearer idea of the purport of the allegations in the answer, we will summarize those allegations. The defendants say that they owe the note on which the plaintiff sues, but that the principal in said note has a vendor's lien on a certain lot in Terre Haute; that the plaintiff purchased said lot with knowledge of the lien, and now owns it. That Louisa Vanderpool, the vendee of the lot, and who owes the note that is a lien upon it, after purchasing the lot, mortgaged it without consideration to one Colby, who transferred the mortgage to the plaintiff, under a sale on the foreclosure of which the plaintiff, Brake, claims title; that Colby promised said Vanderpool, without consideration so far as appears, to pay her said debt to the defendant Lucy R. King, in a certain contingency. We say without consideration, because the answer avers that the mortgage was given by said Vanderpool to Colby without any consideration; hence, the payment of the debt of the mortgagor was not part of the consideration of the mortgage. Colby's promise is not averred to be in writing.

The question may be asked, if the facts in the answer were alleged as a ground of recovering a personal judg-

ment in a suit by said King against Brake, would they constitute a cause of action? If not, they do not show a ground for set-off when set up in an answer. All the cause of action they would show against Brake would be, that he owned a lot, on which he knew when he purchased it, Miss King had a vendor's lien. But those facts would not constitute a cause of action for a personal judgment against him. He would have his election to pay off the lien on his property, or suffer the lien to be enforced against it. But the lien holder would have no election of remedies. She could only enforce her lien against the property. It would be like the case of one holding a mortgage on property, without any personal promise to pay the debt.

The promise of Colby to pay the debt is invalid by the statute of frauds. *Berkshire* v. *Young*, 45 Ind. 461. But if it were valid, nothing appears rendering Brake liable upon it.

The court erred in overruling the demurrer to the answer.

Reversed, with costs, and remanded for further proceedings in accordance with this opinion.