## HEADRICK v. WISEHART.

NEW TRIAL.—*How many New Trials for Same Cause.—Practice.—Supreme Court.*—Where two new trials have been granted in the same cause, to the same party, by either the Circuit or Supreme Court, exclusively for any of the reasons specified in section 352 of the practice act, another new trial can not be granted to him for any of the reasons specified in such section; but even then the latter court may reverse a judgment for erroneous rulings of the court below on the pleadings, or on other matters which do not constitute reasons for a new trial, although the reversal may result in another trial of the cause on its merits.

VENDOR AND PURCHASER.—*Conveyance.—Consideration of, shown by Parol.—Taxes.—Warranty.—Statute of Frauds.*—In consideration of the conveyance of certain real estate, by quitclaim deed, by A. to B., and the promise of the former to pay all delinquent taxes due thereon, B. conveyed cer-

tain real estate to A., by warranty deed, and also promised to pay all delinquent taxes thereon. Afterward, B., to save the real estate conveyed to him by A. from sale for such taxes, paid the same, and then brought an action therefor against A.

*Held,* that each conveyance, and the promise accompanying it, were the consideration for the other conveyance and promise.

*Held,* also, that the plaintiff may show, by parol evidence, the actual consideration of his deed to the defendant, and that the same, or some part thereof, remains unpaid.

*Held,* also, that the taxes due on the land conveyed by B. were exempt from the operation of his warranty.

*Held,* also, that A.'s promise, to pay the taxes due on the land conveyed by him, is not within the statute of frauds.

From the Henry Circuit Court.

*J. Brown* and *R. L. Polk,* for appellant.

*M. E. Forkner, E. H. Bundy* and *M. L. Bundy,* for appellee.

Howk, J.—This cause is now before this court for the third time. It will be found reported, under its present title, the first time in 41 Ind. 87, and the second time in 48 Ind. 144.

When the cause was first here, Pettit, C. J., delivered the opinion of this court, reversing the judgment of the court below, upon the ground that the evidence did not sustain the appellee's action for money paid by him for the use of the appellant. At the same time, Osborn, J., filed an opinion agreeing to the reversal of the judgment upon the ground stated, but he said:

" I am not prepared to say that an action might not be sustained on a complaint stating the transaction detailed in the evidence, and predicating the action upon the contract to pay the taxes upon the lots as a part of the consideration for the Iowa lands."

When this cause was before this court for the second time, the judgment of the court below was reversed, upon the concession of appellee's counsel, " for the failure of the proof as to the amount of the taxes paid."

We need not restate the original pleadings in this

action, as these will be found fully stated in the report of the case in 41 Ind. 87.

When the cause was remanded to the court below, the appellee filed a second paragraph of his complaint, in which he alleged, in substance, that on the 1st day of January, 1870, he was the owner of a certain tract of land in Iowa, and the appellant owned town lots in the city of Anderson, Madison county, Indiana; that there were certain taxes in arrears and unpaid on the property owned by each one, and they agreed to exchange, and the appellee conveyed the Iowa land to the appellant, and the appellant conveyed the town lots, in said city of Anderson, to the appellee, and each put the other in possession of the property so conveyed; and it was further mutually agreed, as a part of the consideration for said exchange, that each one should pay all taxes which had accrued and were in arrears on the property by him conveyed; and the appellee averred, that there were in arrears and unpaid taxes on the Anderson city lots, conveyed to him by the appellant, to wit, the sum of six hundred dollars, which the appellant did not and would not pay; and by reason thereof the appellee, to save the property from tax sale, was compelled to, and did, pay the treasurer of said Madison county and the treasurer of said city of Anderson the said sum of six hundred dollars; whereby the appellee had sustained damages in the sum of six hundred and fifty dollars.

To this second paragraph of appellee's complaint, the appellant demurred, for the alleged want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court below, and the appellant excepted to this decision.

The appellant separately answered each paragraph of appellee's complaint, in two paragraphs to the first paragraph of the complaint, and in three paragraphs to the second paragraph of the complaint.

The first paragraph of each answer was a general denial.

The second paragraphs of the two answers were substantially alike, and it was alleged therein, in substance, that in the summer of 1869 the appellant sold and, by quitclaim deed, conveyed to appellee certain town property in the city of Anderson, Madison county, Indiana, describing it, and received in exchange a conveyance, by warranty deed, of certain real estate in Iowa, copies of which deeds were filed with, and made parts of, said answers, which deeds contained and represented all the writing of any kind ever made between them, pertaining to said exchange of property, or any contract or stipulation made concerning it or the taxes on said properties, or other liens thereon; that, if the appellant made any contract, provision or stipulation to pay the taxes on said Anderson property, it was made before the execution of said deeds, and was by parol and not in writing, and was made in and during the negotiation which resulted in said exchange of property and the execution of said deeds; and the appellant said that he made no promise, contract or stipulation to pay said taxes other than by parol, and at no time other than that above set out, and never at any time requested the appellee to pay said taxes.

In the third paragraph of the appellant's answer to the second paragraph of the appellee's complaint, the appellant alleged substantially the same facts that he alleged in the second paragraphs of his said answers.

The appellee demurred to the second paragraph of appellant's answer to the first paragraph of the complaint, and to the second and third paragraphs of the answer to the second paragraph of the complaint, for the want of sufficient facts in either of the said paragraphs of answer to constitute a defence, which demurrers were severally sustained by the court below, and to these decisions the appellant excepted.

At the April term, 1875, of the court below, the cause

was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of six hundred and twenty-eight dollars and twenty-four cents; and, over the appellant's motion for a new trial and his exception saved, judgment was rendered on the verdict.

The appellant has assigned in this court as alleged errors, the decisions of the court below, in overruling his demurrer to the second paragraph of appellee's complaint, and in sustaining the appellee's demurrers to the second and third paragraphs of appellant's answers, and in overruling appellant's motion for a new trial.

Before proceeding to the consideration of any of the questions presented by these alleged errors, it is proper that we should first notice and dispose of a point made in argument by appellee's learned counsel. Appellee's counsel say : "We deny that there is any error occurring on the last trial of this cause ; but should the court think there is, it is not available, for the reason that the appellant has already had two new trials granted him in this cause." In support of this point, the counsel cite that part of the eighth specification of section 352 of the practice act, which provides that "not more than two new trials shall be granted to the same party in the same cause." 2 R. S. 1876, p. 182. This provision of our code of practice was considered by this court, in the case of *Shirts* v. *Irons*, 47 Ind. 445. The conclusion then reached, which we fully approve, was thus stated, in the opinion of the court, by BUSKIRK, J.:

"We think the true rule is, that where two new trials have been granted in the same cause to the same party, either by the court below or by this court, exclusively for any of the reasons specified in section 352, another new trial can not be granted to the same party in such cause for any of the reasons specified in said section; but that this court may reverse a judgment for the erroneous rulings of the court below on the pleadings, or other matters which do not constitute reasons for a new trial,

although such reversal may result in another trial in the court below upon the merits of the case."

The conclusion thus reached eliminates from our consideration, in the case at bar, the alleged error of the court below, in overruling the appellant's motion for a new trial; but it leaves for our examination and decision the questions presented by the other alleged errors, assigned by the appellant.

Without entering into any elaborate or detailed examination of the questions raised by the decisions of the court below, in overruling a demurrer to the second paragraph of the complaint, and in sustaining demurrers to. the second and third paragraphs of the answer, it will suffice to say, that, in our opinion, all these questions are fully met and decided adversely to the appellant in this case, in the case of *McDill* v. *Gunn*, 43 Ind. 315. It is true, that in the case cited the conveyance was an ordinary warranty deed, but in so far as the encumbrance there in controversy was concerned, the conveyance was, in legal effect, merely a quitclaim deed, for there was no warranty against that encumbrance. The case at bar, as made by the pleadings in question, was simply this: The appellee conveyed his Iowa lands to appellant, and agreed to pay the taxes thereon. The appellee alleged, that the consideration for his said conveyance and agreement was the conveyance to him, by appellant, of the Anderson city lots, and the payment, by appellant, of the taxes on said lots. It is clear, we think, that the appellee might allege and prove, by parol evidence, the actual consideration of his deed to the appellant, and that this consideration, or some part thereof, had not been paid. But it is claimed in this case, as it was in *McDill* v. *Gunn, supra*, that the appellant's promise to pay the taxes on the Anderson city lots was a promise to pay the debt of another person, and was not binding on the appellant, because it was not in writing. This point is fully met and considered in the case last cited, and decided against

the appellant's position.  Under the pleadings, the appellant promised to pay the taxes on the Anderson city lots as a part of the purchase-money for the Iowa lands, or, in other words, to pay a part of his debt to appellee for said lands by the payment of said taxes.  Such a promise is not within the statute of frauds, and need not be in writing to make it binding on the appellant.  See, also, *Helms* v. *Kearns,* 40 Ind. 124; *Berkshire* v. *Young,* 45 Ind. 461, and authorities cited; and *Crim* v. *Fitch,* 53 Ind. 214.

In our opinion, no error was committed by the court below, either in overruling appellant's demurrer to the second paragraph of the complaint, or in sustaining the demurrers of the appellee to the second and third paragraphs of the answers.

The judgment of the court below is affirmed, at the appellant's costs.