STOCKWELL *v.* BRAMBLE.

The fact that a bill has been protested, does not prevent its being afterwards accepted by the drawee.

A bill, whether foreign or inland, may be accepted by parol as well as by writing.

APPEAL from the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Nathan H. Stockwell*, as payee of a bill of exchange, against one *Bramble*, as the acceptor. The suit was com-

menced before a justice of the peace. Plea, the general
issue. The justice gave judgment for the plaintiff, and
the defendant appealed to the Circuit Court. The cause
was submitted to the Circuit Court without a jury, and
judgment was there rendered for the defendant.

On the trial in the Circuit Court, the plaintiff gave in
evidence the bill of exchange described in the declara-
tion. The following was the bill: " *New York, September*
11th, 1850. *Windship Bramble*, Esq., *Lafayette:* Pay to
*N. H. Stockwell*, or order, 76 dollars and 50 cents, and
charge to account as advised. *Geo. W. Hoyt.*" The
bill was indorsed as follows: " Pay *J. M. Stockwell. N.
H. Stockwell.* Protested. *W. W. W. H. T. Bramble.*"
The plaintiff then offered to prove the following facts:
That the witness, as the agent of the plaintiff, in due
course of mail after said bill was executed, received
said bill for collection; that he, as such agent, immedi-
ately after receipt of the same, called on the defendant
for acceptance or payment of the bill; that defendant
told the witness he would and did accept the same, and
would pay it, and stated, in the same conversation, that
he did not wish to have it become generally understood
that he was accepting and paying *Hoyt's* drafts, and
therefore would write across the face of the same, *Pro-
tested*, and sign his name thereto, which he then and there
did as the same appears on the said draft; that after-
wards, and after said draft was folded up and laid away,
but on the same day, the defendant again promised that
he would pay the draft—that he accepted the draft and
would pay it in a short time thereafter.

This testimony was objected to and the objection sus-
tained.

There was no other evidence.

We think that the parol evidence offered by the plain-
tiff was admissible, on the ground that it showed a valid
acceptance of the bill by the defendant, after he had writ-
ten on it the word *Protested*.

Suppose the word *Protested*, as written on the bill, to

mean that the defendant refused to accept the bill, and the holder so understood that word; and suppose, also, that evidence of what the defendant said, at the time of such refusal, was objectionable as contradicting the word *Protested*, still the subsequent parol acceptance would be good. We know of no reason why the drawee of a bill, who has refused to accept the same, may not afterwards accept it. It frequently happens that a bill, after being protested for non-acceptance, is accepted by a third person *supra* protest. The following case is cited by Mr. *Chitty:* A foreign bill drawn on defendant was protested for non-acceptance, and returned, and afterwards defendant told the plaintiff, " if the bill comes back I will pay it," and this was held a good acceptance. Chitty on Bills, 316, note *l*. It is clear, therefore, that the fact of a bill's having been protested, does not prevent its being afterwards accepted by the drawee.

The acceptance is not objectionable merely because it was by parol. By the law-merchant, a bill, whether foreign or inland, may be accepted by parol as well as by writing; Chitty on Bills, 316; and that is the law here.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. S. Orth* and *E. H. Brackett*, for the appellant.
*D. Mace* and *W. C. Wilson*, for the appellee.