Nov. Term, 1857.

BIRD v. McELVAINE.

(3) Counsel for the appellants cited 5 Ind. R. 111; 14 Barb. (S. C. R.) 364.

---

## BIRD *v.* McELVAINE.

If *A.* place notes in *B.'s* hands for which the latter is to account, and afterwards *A.* draw an order on *B.* payable out of the first proceeds of the notes, and *B.* accepts it, it is no defense to a suit on the acceptance for *B.* to say that the notes were put into his hands *before* the order was drawn.

An order may be accepted by parol.

A continuance to obtain testimony is rightly refused where the fact sought to be proved is unimportant.

An immaterial issue of law left undecided is no cause for reversal.

Monday, January 4, 1858.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit by *McElvaine*, assignee of *Baldwin & Co.*, against *Bird* upon an acceptance. The facts are few, and as follows:

One *James Dill* executed his note for 268 dollars and 50 cents to *E. J. Baldwin & Co.* Afterwards, he drew an order in their favor in the following words:

"*Fort Wayne, Indiana, October* 23, 1854. *Abraham Bird*, Esq.: You will please pay to *E. J. Baldwin & Co.* two hundred and sixty-eight dollars and fifty cents ($268 50) out of the first moneys coming into your hands belonging to me, and oblige yours—*James Dill.*

The instruments were assigned to the plaintiff. The order was presented to and accepted, by parol, by *Bird*, according to its terms.

The proof was, that, prior to the drawing of the order, *Dill* had placed in *Bird's* hands notes on third persons,

for which he was to account—that subsequently to the acceptance of the order, *Bird* received the proceeds of the notes and refused to apply them upon the order.

The acceptance by parol was good. 3 Ind. R. 428.

*Bird's* defense in this suit is, that he was not bound to apply the proceeds of the notes in payment of the order, because the notes were placed in his hands before the order was drawn.

We do not see that the defense amounts to anything. No previous appropriation of the proceeds had been made, and he accepted the order in anticipation of them.

From what we have said, it will be manifest that a continuance was rightly refused; because the fact sought to be proved, viz., the time at which the notes were left with *Bird*, was unimportant. The questions in the case were simply, acceptance of the order, and reception of money for its payment.

The issue of law raised by a demurrer which, it is contended, was left undecided, was immaterial; the pleading to which it was addressed constituted no defense to the suit; and, hence, no ground for a reversal is presented on this point.

*Per Curiam.*—The judgment is affirmed, with 8 per cent. damages and costs.

*R. L. Walpole*, for the appellant.

*J. Morrison* and *C. A. Ray*, for the appellee.