MARY R. P. MANLEY, administratrix, *vs.* NICHOLAS T. GEAGAN.

An oral promise to accept and pay an order drawn in favor of the promisee for the amount of work done by him, without any contract with or employment by the promisor, for a third person, to whom the promisor owes nothing, for which he receives no consideration, either from the third person or from the promisee, and upon the faith of which the latter does no work, nor pays any money, nor gives up any right or security against his original debtor, is a promise to answer for the debt of another, within the statute of frauds.

CONTRACT by the administratrix of Edwin Manley upon an oral promise to pay the following order: " Fall River, October 9, 1868. Nicholas T. Geagan, Sir: Please to pay Edwin Manley thirteen hundred and fifty-four dollars for work on your house, corner of Bedford and Twelfth Streets, and charge the same to account of H. B. Borden & Co."

The answer denied all the plaintiff's allegations, and pleaded want of consideration, and the statute of frauds.

The trial was in the superior court, without a jury, before *Pitman*, J., who made the following report of the case for the determination of this court:

" The plaintiff proved that her intestate, in whose favor the order was drawn, did work as a stone mason on a block of buildings belonging to the defendant, and which he was then erecting, prior to the time of drawing this order. It appeared that the whole contract was taken by H. B. Borden & Co., who employed the plaintiff's intestate to do the mason work, and that there was no contract between the plaintiff's intestate and the defendant, and no employment by the defendant; that after the work was

done the defendant sent word to the plaintiff's intestate to get an order from Borden & Co. on him; adding, ' I am going to pay all off on the 10th, and am not going to trust Borden & Co. to pay it; I am going to see the help all paid; ' and that this was communicated to the intestate; that the next day he procured the order in suit and presented it to the defendant; that the defendant took it, read it, said it was all right, and that he would accept it, and pay it on Monday; that on Monday he could not be found, was gone out of town for a week, and has since refused to pay it. The defendant, who was called as a witness by the plaintiff, testified that he owed H. B. Borden & Co. nothing at the time when this order was presented; and I find as a fact that it is not proved that he actually did owe them anything. The defendant offered no evidence.

" Upon the above, the court ruled that the promise of the defendant, being an oral promise to pay the debt of another, and being also without any consideration, no action could be maintained on it, and thereupon found for the defendant. If this ruling is wrong, a new trial is to be had; otherwise, judgment on the verdict."

*J. C. Blaisdell,* for the plaintiff. The acceptance of the order or draft need not be in writing. It was absolute and unconditional. The promise to pay the order or draft, after its acceptance, was not a promise to pay the debt of another, but was a promise to pay the defendant's own debt. The order or draft is presumed to be drawn on funds, with the understanding between drawer and drawee that it is an appropriation of the funds of the former in the hands of the latter; and acceptance is an admission that it was so drawn, and of such a relation between the parties. The testimony reported, including that of the defendant, leaves it to be inferred that, as between the drawer and drawee the funds had been so appropriated in anticipation of this and other drafts. The defendant stands in the position of the maker of a promissory note, on which an action is brought by the indorsee, and although the consideration is stated in the draft to be " for work done on your house," yet it is immaterial what the consideration was between the drawer and the drawee. 1 Parsons on

Notes and Bills, 175, 285, 323, and authorities cited. *Ward* v. *Allen*, 2 Met. 53. *Furbish* v. *Goodnow*, 98 Mass. 296.

J. M. *Morton*, Jr., for the defendant, cited *Cuxon* v. *Chadley*, 3 B. & C. 591; *Wharton* v. *Walker*, 4 B. & C. 163; *Fairlie* v. *Denton*, 8 B. & C. 395; *Ford* v. *Adams*, 2 Barb. 349; *Stone* v. *Symmes*, 18 Pick. 467; *Curtis* v. *Brown*, 5 Cush. 488, 492; *Furbish* v. *Goodnow*, 98 Mass. 296; *Walker* v. *Penniman*, 8 Gray, 233.

GRAY, J. The promise of the defendant was to pay for work already done by the intestate for Borden & Company, without any previous contract with or employment by the defendant. The defendant owed Borden & Company nothing, and received no consideration, either from Borden & Company or from the intestate for his promise. The intestate neither did any work nor paid any money upon the faith of this promise, nor gave up any right or security against Borden & Company. Their original liability to him was not altered or affected by the defendant's promise. This promise was therefore clearly a promise to answer for the debt of another, and, not being in writing, was within the statute of frauds. Gen. Sts. *c.* 105, § 1, *cl.* 2. *Stone* v. *Symmes*, 18 Pick. 467. *Curtis* v. *Brown*, 5 Cush. 488. *Furbish* v. *Goodnow*, 98 Mass. 296. Browne on St. of Frauds, §§ 172–174.

*Judgment on the verdict for the defendant.*