## MILLER *v.* NEIHAUS.

CONTRACT.—*Payment by Transfer of Note Without Indorsement, Promise or Fraud.*—Complaint by A. against B., showing an indebtedness of C. to A. and an indebtedness of B. to C., and alleging that C. gave to A., in part payment, a written order on B. for a certain amount, and that B. accepted said order and kept it, and gave to A., "in payment thereof," a note for said amount, filed with the complaint, made by D., and credited himself with said amount on his account with C.; that D. was insolvent, and refused to pay the note or any part thereof; that the note was not indorsed by B., and was valueless; and that A. had tendered the note back to B. and demanded payment of B., who refused to pay. *Held*, that the complaint was bad on demurrer.

SAME.—*Statute of Frauds.—Debt of Another.*—A parol promise by one to be responsible and stand good for the payment by another of wages that may accrue from the latter to the person to whom the promise is made, is within the statute of frauds.

SAME.—*Parol Acceptance of Order.*—Where one indebted to another verbally accepts and promises to pay a written order directed to him by his creditor for the payment of a like indebtedness of his creditor to a third person, such acceptance, like the parol acceptance of a bill of exchange, is valid.

From the Posey Circuit Court.

*L. W. Habercom* and *G. & H. C. Pitcher*, for appellant.

*C. Denby, D. B. Kumler, A. P. Hovey* and *G. V. Menzies*, for appellee.

DOWNEY, J.—The appellee sued the appellant. The complaint is in two paragraphs. In the first, it is alleged, that, on, etc., one Cobb employed the plaintiff, then a minor, but now of age, to work for him for three years, for certain

wages; that afterwards, Cobb, being largely indebted to the plaintiff, in part payment thereof, gave to the plaintiff a written order directing and requesting the defendant, who was then indebted to Cobb, to pay said plaintiff, on account of said Cobb, the sum of fifty dollars, and the defendant then and there accepted said order and took and kept the same, and, in payment thereof, gave the plaintiff a note for fifty dollars, made by one Allen, of which a copy is filed; and thereupon Miller credited himself in his account with said Cobb, in the said sum of fifty dollars, which amount he claimed he had paid by the delivery of said note to the plaintiff; but the plaintiff alleges that the said note was not indorsed by said Miller, and was valueless, said Allen being insolvent and refusing to pay the same or any part thereof. It alleged that the plaintiff tendered the note back to the defendant and demanded of him payment of the said sum of fifty dollars, but the defendant refused to pay the same. Wherefore, etc.

In the second paragraph, the plaintiff alleges, that, on, etc., he was a minor, and remained such until, etc.; that he was hired by one Cobb to work for him for three years, at four dollars per week for the first year, five dollars per week for the second year, and six dollars per week for the third year; that at the time of making said contract, in consideration that the plaintiff would make the same, the defendant promised by parol that he would be responsible and would stand good for the payment by said Cobb to the plaintiff of the sums of money aforesaid; and afterwards Cobb, being largely indebted to said plaintiff for said work, which the plaintiff had done, drew certain orders requesting the defendant to pay the plaintiff the sum of three hundred and thirty-five dollars out of money which said defendant owed said Cobb; and the defendant accepted said orders, and by parol promised to pay the same; yet the defendant did not pay the same, or any part of them, though he kept the orders to the amount of three hundred dollars, and though he was then indebted to said Cobb in that amount. It is then alleged that the

defendant afterwards paid to other persons the said sum of money on account of said Cobb; that the plaintiff cannot file copies of said orders, because they are in' possession of the defendant; and that said sum of money still remains due, although the same was demanded of the defendant before the commencement of this action. Wherefore, etc.

Issues were formed, there was a trial by jury, and a verdict and judgment for the plaintiff for three hundred and fifty-six dollars and fifty cents.

Errors are assigned calling in question the sufficiency of the complaint and each paragraph thereof.

We think the first paragraph of the complaint is bad. It is alleged therein, that the plaintiff surrendered the order from Cobb to the defendant, and received the note of Allen "in payment thereof." The plaintiff, having received the note, without indorsement, in payment of the order, no longer has any right of action on the order. Nor can we see that he has any remedy on the ground of the insolvency of Allen alone. There having been no indorsement of the note, and no agreement on the part of the defendant to make good the amount of the note if not paid by Allen, nor any fraud in the transaction, none of which is alleged, we think the paragraph must be held insufficient.

As to that part of the second paragraph of the complaint which alleges a promise of the defendant to be responsible for the sums which Cobb agreed to pay the plaintiff for his work, we think the promise is within the statute of frauds, and cannot, for that reason, be the foundation of an action. It was a promise to be responsible for the debt of another. But that part of the paragraph which alleges the making of the written orders by Cobb, in favor of the plaintiff, on the defendant, and the acceptance of such orders by the defendant, appears to us to contain a good cause of action. A parol acceptance of a bill of exchange is valid, and so, we think, is a parol acceptance of an order. *Stockwell* v. *Bramble,* 3 Ind. 428.

The second paragraph of the complaint did not justify the

judgment which was rendered.    The amount of the orders set forth in that paragraph, including interest to the time of judgment, would not make the amount for which the judgment was rendered.

In this condition of the record, under the errors assigned, BIDDLE, C. J., and PETTIT and BUSKIRK, JJ., are of the opinion that the judgment must be affirmed, while WORDEN and DOWNEY, JJ., are of the opinion that the judgment should be reversed.

The judgment below is affirmed, with costs.