## WALTON v. MANDEVILLE, DOWLING & Co.

1. **Statute of Frauds**: ACCEPTANCE: WHEN VALID IN PAROL. A verbal acceptance of an order is valid and enforceable only where the drawee has funds of the drawer in his hands, so that by payment of the order he satisfies his own debt.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, OCTOBER 5.

THE plaintiff is a creditor of Harry Smith & Co., to the amount of $1,024.93. He brings this action to recover his claim from the defendants. His alleged right of action as against them is based upon two grounds: 1st, a general verbal promise to pay the same; 2d, a verbal acceptance of an order for that amount.

The defendants pleaded a general denial, the statute of frauds, and want of consideration. There was a trial by jury, and a verdict and judgment were rendered for the plaintiff. The defendants appeal.

*John F. Lacey*, for appellants.

*Crookham & Gleason* and *Lafferty & Johnson*, for appellee.

ADAMS, CH. J.—Harry Smith & Co. were subcontractors upon a railroad. They became indebted to the plaintiff by reason of the assumption of certain indebtedness due to plaintiff from their laborers. For the purpose of paying such indebtedness they drew an order in the plaintiff's favor upon the defendants, who were contractors upon the railroad and under whom the drawers were subcontractors. The order is in these words:

"*Mandeville, Dowling & Co.:*—Pay to John W. Walton the sum of $1,024.93, and charge the same to the estimate of Harry Smith & Co."

The jury found specially in answer to special interrogatories as follows:

"1st. 'Do you find that the defendants made a parol promise to pay the debt of Harry Smith, or Smith & Co?' Ans. 'Yes; of Harry Smith, to amount of $1,056.'

"4th. 'Was said promise on condition that there should be anything due H. Smith & Co. after the expense of the work was paid for?' Ans. 'No.'

"5th. 'Was the order accepted on condition that if there was any surplus after paying the expense of the work and a previous order of $232 to one Clarke, that surplus should be paid to plaintiff?' Ans. 'No.'"

The evidence shows clearly that there was nothing due from the defendants to H. Smith & Co. The promise relied upon as made by the defendants to pay the debt of H. Smith & Co. was not binding for want of consideration if for no other reason. *Ayres v. C., R. I. & P. R. Co.*, 52 Iowa, 478.

The plaintiff, however, insists that the defendants are bound by the acceptance of the order, though the same is verbal and without consideration moving to them.

The defendants deny that there was any acceptance.

The jury did not specially find that there was. They find a mere promise to pay the debt of Harry Smith; but that was for an amount somewhat greater than the order; and the verdict, we think, must have been based upon such promise, because the order was not large enough to justify the verdict rendered.

Again the promise, whatever it was, appears to have been made by an agent of the defendants, and it is insisted by the defendants that the promise, if made, would not bind them. They go further and insist that even one of the partners could not have bound the firm by such a promise in the absence of funds of Harry Smith & Co. in their hands.

These questions have been discussed by appellants' counsel, but the case is now before us upon rehearing, and in granting the rehearing we called for arguments merely upon the ques-

tion of the validity of the verbal acceptance of an order where there are no funds of the drawer in the hands of the acceptor. We could not, we think, properly go into the consideration of the other questions without calling for an argument from the counsel for the appellee, and as we have reached a conclusion adverse to him upon the question upon which arguments were called for, it is unnecessary to consider any other question.

In the opinion originally filed it was held that the verbal acceptance of an order is valid notwithstanding there may be no funds of the drawer in the hands of the acceptor. Upon the rehearing several authorities have been cited to which our attention was not called, and some which had been cited we have been able to give a more careful examination than we did before, and we have to say that we have reached a different conclusion.

The validity of the verbal acceptance of an order has been sustained in several cases. Quite a number were cited in our original opinion, and it must be said in none of them did it appear that a distinction had been recognized between cases where there have been funds of the drawer in the hands of the acceptor and where there have not. The general way in which the rule was stated led us to believe that the distinction had not been deemed material. In Daniel on Negotiable Instruments, Sec. 566, the opinion is expressed that the distinction is not material. This opinion is based in part upon the unqualified language used in the decisions, and in part upon what are supposed to be the demands of commercial paper.

On the other hand it is said in Browne on Frauds, 174: " There seems to be no sound reason why a verbal acceptance or promise to accept for the mere accommodation of the drawer, and without value received, should not be treated as within the statute." In Robinson's Practice, 2 Vol., 152, it is said: " The parol acceptance being no more than a parol promise it seems to the author that whether or not the acceptor can be charged on such promise may depend upon whether the prom-

ise is to pay a debt of his own or to answer for the debt of another; for in the latter case no action can be lawfully brought unless the promise or memorandum or some note thereof be in writing and signed by the party to be charged thereby or by his agent." In *Quin v. Hanford*, 1 Hill (N. Y.), 84, the defendant was treasurer of a corporation. An order was drawn upon him for a debt of the corporation which he agreed to pay. It was held that in the absence of funds of the corporation in his hands he was not liable. That a verbal acceptance in the absence of funds of the drawer in the hands of the acceptor is not valid was held in *Pike v. Irwin*, 1 Sand. (N. Y.), 14, and *Manly v. Goegan*, 105 Mass., 445. That a verbal promise to accept in the absence of such funds is not valid was held in *Plummer v. Lyman*, 49 Me., 229, and *Wakefield v. Greenhood*, 29 Cal., 600. We have become satisfied that the doctrine of these cases is correct.

As opposed to them we find but little except the statement of one or two text writers, based as it seems to us almost wholly if not entirely upon mere inference or dicta or adjudications not precisely in point.

The plaintiff's argument is that a verbal acceptance is equivalent to a written acceptance; that the validity of a written acceptance does not depend upon the existence of funds of the drawer in the hands of the acceptor, therefore the validity of a verbal acceptance does not.

But we cannot accept this reasoning as sound. It is true that no consideration is necessary to bind an acceptor who has become such by written acceptance. But then he becomes a party to the paper. His liability we apprehend rests strictly upon this ground. An acceptor by verbal acceptance does not become a party to the paper; certainly not in any such sense as he would by written acceptance.

A verbal promise to pay the debt of another can be enforced where the promissor by the payment would pay his own debt as well as of the person in whose behalf the promise was made. And such is precisely the case where there is a verbal accept-

ance of an order by a person who has funds of the drawer. Indeed it is not necessary that the request should be made in writing. If A, having funds belonging to B promises C, at B's verbal request to pay C from such funds a debt due him from B, A is holden. This doctrine is elementary. The validity of a verbal acceptance of an order must, we think, rest upon the same ground. We see no other.

The view which we have expressed appears to us to be the only safe view, and the only one which can be sustained upon principle.

The defendants have been adjudged to pay another person's debt, in the absence of any consideration, upon an alleged verbal promise of their agent, such promise being expressly denied by the agent, and proven by no evidence except the testimony of the plaintiff, and that of a very weak and unsatisfactory character.

We are unwilling to sanction a rule which shall make a recovery possible in such a case.

Finding no evidence to justify a recovery under what we deem the correct rule, the judgment must be

REVERSED.