The Louisville, Evansville and St. Louis Railway Company *v.* Caldwell.

Filed Nov. 13, 1884.

------◆------

No. 11,161.

The Louisville, Evansville and St. Louis Railway Company *v.* Caldwell.

<table>
<tr><td>98</td><td>245</td></tr>
<tr><td>155</td><td>586</td></tr>
<tr><td>98</td><td>245</td></tr>
<tr><td>158</td><td>540</td></tr>
<tr><td>98</td><td>245</td></tr>
<tr><td>161</td><td>341</td></tr>
</table>

Bill of Exchange or Order.—*Oral Acceptance by Corporation.—Corporate Name.*—Where a written order for the payment of money, or bill of exchange, is drawn upon a corporation in the name of its vice-president or other officer, and is accepted by the corporation either orally or in writing, the acceptance is binding upon and may be enforced against the corporation.

Same.—*Oral Acceptance.—Statute of Frauds.*—Where a bill of exchange or written order, drawn on a corporation by its creditor in favor of a creditor of the drawer, is orally accepted by the corporation, the acceptance is not within the *second* clause of section 4904, R. S. 1881, of the statute for the prevention of frauds and perjuries, and is valid and binding,

though not in writing, and its payment may be enforced by action against the acceptor.

SAME.— *Words of Negotiability.*—*Consideration.*—Words of negotiability, such as " payable to order " or " bearer," are not essential to the validity of a bill of exchange or written order for the payment of money, which possesses the other requisites of such an instrument; and in an action upon such a bill or order it is not necessary to aver in the complaint, or prove upon the trial, the consideration thereof, because the instrument itself imports a consideration.

From the Vanderburgh Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.

*A. Gilchrist, J. E. Williamson* and *C. H. Butterfield,* for appellee.

HOWK, J.—The first error complained of by the appellant, the defendant below, is the overruling of its demurrer to appellee's complaint in this cause.

In his complaint the appellee, Caldwell, alleged that, on the 15th day of October, 1882, at Evansville, Indiana, James Donigan and Horace Conkey, for a sufficient consideration, drew their bill of exchange or order, directed to the Louisville, New Albany and St. Louis Railway Company, under the name of St. John Boyle, its vice-president, requiring the said railway company, by its said vice-president, to pay to the appellee $1,000, at sight; that, prior to the drawing of such bill or order, the said last named railway company was indebted to said Donigan and Conkey, for work done and material furnished in the construction of its railway, in an amount larger than said sum of $1,000.74, and said company being so indebted promised the appellee that if he would procure from Donigan and Conkey an order or bill of exchange for said amount upon the vice-president of the said company, the company would pay such order or bill; that after the said order or bill of exchange was so drawn and delivered to appellee, the said Louisville, New Albany and St. Louis Railway Company, by St. John Boyle, its vice-president, accepted such order or bill by parol, and faithfully promised to pay the same; that at the time of such acceptance, the said rail-

way company took and kept the said order or bill of ex-change, and since and still had possession thereof, unless it had lost the same; and that the following, as appellee averred and believed, was a copy thereof:

"EVANSVILLE, October 14th, 1881.

"*Col. St. John Boyle, Vice-President Louisville, New Albany and St. Louis Railway Company:*

"Please pay William Caldwell one thousand and $\frac{74}{100}$ dol-lars, and charge same to our account.

(Signed) "JAMES DONIGAN.

"HORACE CONKEY."

That after said order or bill of exchange was so accepted by said last named railway company, the said company, by vir-tue of the statute in such case made and provided, and of proper proceedings had thereunder, was duly consolidated with the Evansville, Rockport and Eastern Railway Com-pany, and the appellant was the company formed by such consolidation; that thereupon the appellant became liable for the debts of the Louisville, New Albany and St. Louis Rail-way Company; and that although the last named company and the appellant had often promised to pay the said order, yet the same, with interest thereon from November 1st, 1881, remained due and wholly unpaid. Wherefore, etc.

The first objection urged to the sufficiency of this com-plaint is thus stated, in argument, by the appellant's learned counsel: "The order reads, ' Col. St. John Boyle, Vice-Pres-ident,' etc. All other matters conceded, this was the indi-vidual acceptance of Col. Boyle, and not the acceptance of the company. In legal contemplation, the order was upon *Col. St. John Boyle*, the words, *Vice-President*, etc., annexed to his name, are merely *descriptio personæ;* they might be re-jected as surplusage, and exert no controlling effect. *Jack-son School Tp.* v. *Farlow,* 75 Ind. 118, and cases there cited. Such words serve only to identify the party. They indicate the identity of Mr. Boyle to the same extent, and no greater, than the military prefix to his name."

This view of the question would have been presented more forcibly, and, perhaps, more favorably for the appellant, by a denial under oath of the alleged acceptance of the order or bill in suit, than by its demurrer to appellee's complaint. Indeed, we think, that the question discussed by appellant's counsel, under their first objection to the sufficiency of the complaint, is not presented for decision by the demurrer thereto. The complaint alleges, and the appellant's demurrer admits, that the order or bill was drawn upon the Louisville, New Albany and St. Louis Railway Company, under the name of St. John Boyle, its vice-president, by certain cred-itors of such company, requiring it by that name to pay the appellee the sum of money named therein, at sight; and that after the order or bill was so drawn and delivered to appellee, the railway company, by St. John Boyle, its vice-president, accepted the order or bill by parol, and faithfully promised to pay the same. Under these allegations of the complaint, admitted by the appellant to be true as the case is presented by the first error complained of, and in view of the recog-nized law of this State applicable to the case, it will not do to say that the order or bill sued upon is "the individual ac-ceptance of Col. Boyle, and not the acceptance of the com-pany." It can hardly be questioned, in this State, that an order or bill of exchange may be drawn upon a corporation, by a name other than its corporate name, and that if the cor-poration accept such order or bill, either orally or in writing, the acceptance will be binding upon and may be enforced against such corporation.

In *Gaff* v. *Theis*, 33 Ind. 307, the promissory note for a debt of a corporation had been executed as follows: "C. C. Kelsey, Ass't Sec'y Aurora Brewing and Malting Company." The point was made there, as here, that the note was the in-dividual note of Kelsey, and that the words annexed to his name were merely *descriptio personæ*. The court there said: "Then it is argued that the note was not the note of the corporation, though expressly alleged (and distinctly

MAY TERM, 1884. 249

The Louisville, Evansville and St. Louis Railway Company *v.* Caldwell.

proved) to be such; but that upon its face it appeared to be the note of C. C. Kelsey, and that the superadded words, 'Ass't Sec'y Aurora Brewing and Malting Company,' were merely a description of the person. A party may, we suppose, execute a note by any name, other than his own, and yet be bound by it, and this must apply as well to a corporation as to a natural person." So, in *Kenyon* v. *Williams*, 19 Ind. 44, suit had been brought against Kenyon and others upon a promissory note, executed only by "*S. N. Chappel, Agt.*," and the demurrer of all the defendants, except Chappel, to the complaint had been overruled, and this ruling was assigned here as error. In regard to this error the court there said : "The note purports to bind no one but *Chappel.* The addition of 'Agt.,' appended to his signature, does not add to, or vary, its legal effect. The question then arises, whether extrinsic matter can be averred and supported by *parol proof,* connecting other parties with the note, and making them liable *thereon* as makers." This question is then considered by the court, and the conclusion is reached that, as a general rule, in all cases where an agent has contracted within the sphere of his agency, and the principal is not, by the form of the contract, bound at law, a court of equity will enforce it against the principal, upon principles *ex æquo et bono.* And the court there held that as the courts of this State are authorized to administer equitable as well as legal relief, the demurrer to the complaint was correctly overruled.

In *Vater* v. *Lewis*, 36 Ind. 288 (10 Am. R. 29), the suit was upon a promissory note made payable to the order of " C. W. Smith, Treasurer of the I. M.'B. Co. ;" and it was held that the words "Treasurer," etc., in the note were not merely a description of the person, but of the office he held in the corporation, indicated by the letters " I. M. B. Co." The court said : "We have concluded that the contract in the case before us was with the corporation, and not with Smith as an individual. We are quite well aware that there are authorities against the conclusion at which we have arrived, but there are authorities

that sustain it. In the conflict of decisions we are at liberty to follow that line which will be most likely to carry out and effectuate the real intention of the parties. Here is a note payable to C. W. Smith, Treasurer of the Indianapolis Machine Brick Co., given on account of transactions between the maker and the company, in which Smith, as an individual, had no interest. Now, to say that the contract was not with the company, but with Smith, individually, and that his designation as treasurer, etc., was merely a description of him, so that he, being one only of all the great family of Smiths, might be known and identified as the payee of the note, would be a perversion of the evident intention of the parties."

We conclude, therefore, that the first objection urged by the appellant's counsel to the sufficiency of appellee's complaint is not well taken, and can not be sustained.

The next objection to the complaint, insisted upon by the appellant's counsel, is that the alleged parol acceptance of the order or bill of exchange sued upon is within the statute of frauds, and therefore is not binding either upon the acceptor or upon the appellant as the successor of such acceptor. In other words it is claimed by counsel, as we understand them, that the alleged acceptance of the order or bill is merely the special promise of the acceptor to answer for or pay the debt of the drawers, Donigan and Conkey, to the appellee, and that, as such special promise is not in writing, it is within the statute of frauds, and no action can be maintained thereon against the acceptor or the appellant, its successor by consolidation. Section 4904, R. S. 1881. In 1 Daniel on Negotiable Instruments, section 566, it is said: "In those States where there is no statute prescribing what shall constitute an acceptance, the question of the validity of a verbal acceptance may become referable to the statute of frauds, which declares that all promises to pay the debt of another shall be void unless in writing. An eminent legal writer says, on this subject, that: 'The parol acceptance being no more than a parol promise it seems to the author that whether or not the acceptance

can be charged on such promise may depend on whether the promise is to pay a debt of his own, or to answer for the debt of another. For, in the latter case, no action can be lawfully brought unless the promise, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby or his agent.' Such is the provision of the code of Virginia."

Recognizing, as we do, the correctness of the law as here declared the question for decision in the case at bar may be thus stated: By the acceptance, as alleged, of the order or bill described in the complaint did the acceptor specially promise to answer for the debt of Donigan and Conkey to the appellee, or did the acceptor merely promise thereby to pay its own debt to the drawers of the order or bill, at their request and with their consent, to the appellee, Caldwell, the payee named in such order or bill? If the first clause of this question must receive an affirmative answer, then it would seem to be clear that the alleged parol acceptance of the order or bill was within the statute of frauds, and of no binding force. But, under the averments of appellee's complaint, we are of the opinion that the last clause of the question stated must be answered in the affirmative; that by the acceptance, as alleged, of the order or bill in suit, the acceptor, the railway company, at the request and with the consent of its own creditors, the drawers of such order or bill, undertook and promised to pay its own debt to them to the appellee, Caldwell, and that such acceptance, although not in writing, is not within the statute of frauds, and the acceptor and the appellant are liable thereon. *McDill* v. *Gunn*, 43 Ind. 315; *Crim* v. *Fitch*, 53 Ind. 214; *Headrick* v. *Wisehart*, 57 Ind. 129; *Indiana, etc., Co.* v. *Porter*, 75 Ind. 428.

But it is claimed that the order set out in the complaint, for the want of words of negotiability therein, is not a bill of exchange, and does not, therefore, import a consideration. Upon this point, in 1 Daniel Neg. Instr., section 161, it is said: "There is no doubt that if the instrument sued on be

a bill of exchange—although it lacks the words ' payable to order,' or ' bearer,' which are essential to its negotiability—it is unnecessary to aver or prove a consideration, for it imports a consideration in itself by the very fact that it is a bill of exchange." The lack of words of negotiability, in the order described in appellee's complaint, did not make such order any the less a bill of exchange. The order pos-. sessed all the essential requisites of a bill of exchange. Under the averments of the complaint, the order was an open letter addressed by James Donigan and Horace Conkey to the Louisville, New Albany and St. Louis Railway Company, by a certain name and description, directing such company in effect to pay, absolutely and at all events, a certain sum of money therein named to a certain person. Such an order, however informal it may be, is a bill of exchange. It imports a consideration in itself, and therefore, in a suit thereon, it is unnecessary to aver or prove its consideration.

In *Durland* v. *Pitcairn*, 51 Ind. 426, it was held that, in this State, a written promise to pay money, whether it be a promissory note negotiable by the law merchant, or a note payable upon condition, and, therefore, assignable only under the statute, imports a sufficient consideration, and, in a complaint thereon, a consideration need not be averred. *Nichols* v. *Woodruff*, 8 Blackf. 493; *Tibbetts* v. *Thatcher*, 14 Ind. 86. In the case last cited, the court said: "As a general rule, all negotiable paper is presumed to have been given upon a sufficient consideration ; and this rule obtains whether the paper sued on be negotiable under the law merchant, or assignable under the provisions of a statute. * * * It follows that if the contract before us was negotiable, or assignable under a statute, the complaint is sufficient without alleging the consideration upon which it was given." In the case in hand, there is no room for the slightest doubt in regard to the negotiability, under the provisions of the statute, of the order or bill sued upon. Section 5501, R. S. 1881, in force since July 5th, 1861. The order or bill imported a

consideration, and, therefore, it was unnecessary for the appellee to aver in his complaint, or to prove upon the trial, the consideration of such order or bill.

In *Miller* v. *Neihaus,* 51 Ind. 401, it was held by this court that where one indebted to another verbally accepts, and promises to pay, a written order directed to him by his creditor, for the payment of a like indebtedness of his creditor to a third person, such acceptance, like the parol acceptance of a bill of exchange, is valid. In *Stockwell* v. *Bramble,* 3 Ind. 428, which was a suit against the acceptor by parol of a bill of exchange, the court said: " The acceptance is not objectionable merely because it was by parol. By the law merchant, a bill, whether foreign or inland, may be accepted by parol as well as by writing ; Chitty on Bills, 316 ; and that is the law here." *Bird* v. *McElvaine,* 10 Ind. 40.

Our conclusion is, that the court committed no error in overruling the appellant's demurrer to appellee's complaint.

Under the alleged error of the court, in overruling appellant's motion for a new trial, its counsel claim, in argument, that the verdict for the appellee was not sustained by sufficient evidence. There is some conflict in the evidence, it is true, but the jury manifestly believed the appellee's witnesses, in preference to those of the appellant, and we can not say from the record that they were, or were not, justified in so doing. We think there is evidence in the record which fairly tends to sustain the verdict on every material point. In such a case, it is firmly settled that this court will not disturb the verdict on the evidence. It is not shown by the record that the court erred in overruling the motion for a new trial, and, therefore, we are required to say that such ruling was not erroneous.

We have found no error, in the transcript before us, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 31, 1884.