## David Miller v. Chicago Heights Lumber Company.

### Gen. No. 11,390.

1. PROMISE—*when, not binding for want of consideration.* The verbal acceptance of a written order to pay money is not binding upon the acceptor, if at the time there were no funds in his hands with which to pay such order and there was no consideration for such acceptance, and the holder of such order did not in any wise change his position by virtue of such acceptance.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed. Opinion filed December 16, 1904.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court of Cook county in favor of appellee and against appellant, impleaded with Isadore Miller. The declaration avers and the proof shows that on August 10, 1901, William Frink drew an order on Miller Bros. for $682.81 in favor of appellee in terms as follows:

" CHICAGO HEIGHTS, ILL., Aug. 10, 1901.
MR. WM. FRINK,
          Miller Job.
  In account with Chicago Heights Lumber Company.
                    (Incorporated)
                    Dealer in
Lumber, Lath, Shingles, Lime, etc.,
          Corner 16th Street and East End Avenue.
Aug. 10, To Mdse.                              $711.47
          Less material returned                 28.66
                                              _____
                                               $682.81
                CHICAGO HEIGHTS, ILLS., Aug. 10, 1901.
MILLER BROS.:
  Please pay to the order of Chicago Heights Lumber
Co. six hundred eighty-two 81-100 dollars.
                              Yours truly,
                                   WM. FRINK."

Frink delivered the order to appellee, and appellee pre-
sented it to appellant, who, on behalf of Miller Bros. gave
appellee the check of Miller Bros. for $400 thereon, and
promised orally to pay the balance of the order in a few
weeks, retaining the order in his possession.

Miller Bros., defendants, pleaded the general issue, and
subsequently by leave of court filed two additional pleas of
the Statute of Frauds, averring that the promises men-
tioned in the declaration were special promises to answer
for the debt of Frink, and that no memorandum or note
thereof in writing, signed by the defendants or either of
them, was made. To these pleas the court sustained a de-
murrer.

On the trial, the defendants at the close of plaintiff's
case, moved to strike out the plaintiff's evidence, on the
ground that the contract came within the Statute of
Frauds. This motion was denied. A motion to instruct
the jury to find for the defendants was also denied. There-
upon defendants called David Miller to the stand and of-
fered to prove by him that Frink had contracted to erect a
building for appellant and had defaulted in the perform-
ance of his contract, but the evidence was rejected for
want of proper pleas.

At the close of the evidence the defendants requested the court to give a number of instructions to the effect that unless it appeared from the evidence that at the time of the alleged acceptance of the order, the defendants had in their hands a fund belonging to the drawer, out of which to pay the order, the plaintiff could not recover. The court refused to give any of these instructions, and instructed the jury to return a verdict for the plaintiff for $308.13. After overruling a motion for a new trial, and a motion in arrest of judgment, the court entered judgment on the verdict. Errors are assigned upon the ruling on the demurrer to appellant's additional pleas, receiving and excluding evidence, and the giving and refusing of instructions.

WILLIAM H. JOHNSON and ROBERT W. MILLAR, for appellant.

E. M. SHERLOCK and ROSENTHAL, KURZ & HIRSCHL, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The question presented by this record is whether the declaration avers, and the evidence shows, a cause of action against the appellant or not. If, as contended by appellant, it is necessary to aver and prove that at the time of an oral acceptance of and promise to pay a written order there must be in the hands of the acceptor a fund with which to pay the amount specified in the order, neither the declaration, nor the proof, makes out a cause of action against appellant, for the existence of such fund or indebtedness is not alleged or proved. Miller Bros. as a copartnership, or appellant personally, owed Frink nothing at the time of the acceptance of the order, and appellant or his firm received no consideration from Frink or appellee for their promise. Appellee neither did any work nor paid any money upon the faith of the acceptance and promise; nor did appellee give up any right or security against Frink. The original liability to appellee was not altered

Miller v. Chicago Heights Lumber Co.

or affected in any way or to any extent by the acceptance and promise of appellant or Miller Bros. This promise was, therefore, clearly a promise not binding upon defendants for want of consideration. Ayres v. C. R. I. & P. R. Co., 52 Iowa 478; Plummer v. Lyman, 49 Me. 229; Pike v. Irwin, 1 Sand. (N. Y.) 14, and Wakefield v. Greenhood, 29 Cal. 600. These cases, and among others the case of Walton v. Mandeville, Dowling & Co., 56 Ia. 597, apparently a well considered case, hold that a verbal acceptance of an order is valid and enforceable only where the drawer has funds of the drawer in his hands, so that by payment of the order he satisfies his own debt. In order, therefore, to show a valid obligation of the defendants it was incumbent upon the plaintiff to allege and prove, as a part of its original case, a consideration for the oral acceptance and promise relied upon. This it did not do. Proof of an oral acceptance by defendants did not make them parties to the order so that the consideration of the order became the consideration of this oral acceptance. The admission of the order in evidence did not tend to prove any consideration for the separate oral acceptance and promise to pay. Walton v. Mandeville, *supra.* The instruction of the court to find for the plaintiff was therefore erroneous.

If, however, the view be taken that it was not necessary for appellee to allege and prove in the first instance a consideration for the promise, but that it devolved upon defendants to show as a defense that they did not owe Frink anything, and their promise was not to pay their own debt but that of another, it was error to sustain the demurrer to defendants' additional pleas. These pleas were good in substance. If the facts set up in the pleas could have been proven they would have constituted a complete defense to the action. Manley v. Geagan, 105 Mass. 445; Walton v. Mandeville, *supra;* Louisville, etc., Ry. Co. v. Caldwell, 98 Ind. 245; Morse v. Mass. National Bank, 1 Holmes, 209.

It is contended by counsel for appellee that the taking and retention of the order—the physical evidence of liability—constituted a consideration sufficient to support the

acceptance, and was proof thereof. We know of no principle of law upon which this contention can rest, and we are of the opinion that it does not form a consideration for the acceptance.

For the errors indicated, the judgment of the Circuit Court is reversed.

*Reversed.*