## THE CHICAGO HEIGHTS LUMBER COMPANY

*v.*

### DAVID MILLER.

*Opinion filed December 20, 1905.*

STATUTE OF FRAUDS—*verbal acceptance of written request to pay debt of third person is within the statute.* Where a person who is not indebted to another and has no funds of such other in his hands verbally accepts the latter's written request to pay his debt, pays part of the amount by check, agrees verbally to pay the balance later and retains the written order in his possession, the promise is nevertheless within the Statute of Frauds and no action can be maintained thereon.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

In this cause the Appellate Court for the First District reversed the judgment of the circuit court of Cook county, which was against Miller, without remanding the cause, on the ground that neither the declaration nor the evidence shows a cause of action against the defendant. Miller appealed, and the following accurate statement of the facts in the case was made by the Appellate Court:

"This is an appeal from a judgment of the circuit court of Cook county in favor of appellee (Chicago Heights Lumber Company) and against appellant, (David Miller,) impleaded with Isadore Miller. The declaration avers and the proof shows that on August 10, 1901, William Frink drew an order on Miller Bros. for $682.81 in favor of appellee, in terms as follows:

" 'CHICAGO HEIGHTS, ILL., August 10, 1901.
" 'Mr. Wm. Frink—Miller Job.
In account with Chicago Heights Lumber Company (Incorporated),
Dealer in Lumber, Lath, Shingles, Lime, etc.
Corner Sixteenth Street and East End Avenue.
August 10.—To mdse.................................$711.47
Less material returned...................... 28.66
                                              ———
                                           $682.81
CHICAGO HEIGHTS, ILL., August 10, 1901.
" 'Miller Bros.—Please pay to the order of Chicago Heights Lumber Co. six hundred eighty-two 81/100 dollars.
" 'Yours truly,
WM. FRINK.'

"Frink delivered the order to appellee and appellee presented it to appellant, who, on behalf of Miller Bros., gave appellee the check of Miller Bros. for $400 thereon and promised orally to pay the balance of the order in a few weeks, retaining the order in his possession.

"Miller Bros., defendants, pleaded the general issue, and subsequently, by leave of court, filed two additional pleas of the Statute of Frauds, averring that the promises mentioned in the declaration were special promises to answer for the debt of Frink, and that no memorandum or note thereof in

writing, signed by the defendants, or either of them, was made. To these pleas the court sustained a demurrer.

"On the trial the defendants, at the close of plaintiff's case, moved to strike out the plaintiff's evidence, on the ground that the contract came within the Statute of Frauds. This motion was denied. A motion to instruct the jury to find for the defendants was also denied. Thereupon defendants called David Miller to the stand and offered to prove by him that Frink had contracted to erect a building for appellant and had defaulted in the performance of his contract, but the evidence was rejected for want of proper pleas.

"At the close of the evidence the defendants requested the court to give a number of instructions, to the effect that unless it appeared from the evidence that at the time of the alleged acceptance of the order the defendants had in their hands a fund belonging to the drawer, out of which to pay the order, the plaintiff could not recover. The court refused to give any of these instructions, and instructed the jury to return a verdict for the plaintiff for $308.13. After overruling a motion for a new trial and a motion in arrest of judgment the court entered judgment on the verdict. Errors are assigned upon the ruling on the demurrer to appellant's additional pleas, receiving and excluding evidence and the giving and refusing of instructions."

The Appellate Court incorporated in its judgment the following finding of facts: "The court finds that the acceptance sued on in this case was an oral acceptance of an order, and that there was no fund in the hands of appellant, the acceptor, out of which to pay the order."

The Chicago Heights Lumber Company obtained a certificate of importance from the Appellate Court and brings the record to this court by appeal.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

WILLIAM H. JOHNSON, and ROBERT W. MILLAR, for appellee.

219—6

Mr. Justice Scott delivered the opinion of the court:

Miller Bros. held no fund belonging to Frink and were not indebted to him. If Frink, under these circumstances, had orally requested Miller Bros. to pay his debt to Chicago Heights Lumber Company, and Miller Bros. had verbally promised the company to do so, the promise would have been within the Statute of Frauds. Does the fact that Frink's request to Miller Bros. to pay his debt was in writing and that the written request was left with appellee when he paid a part of the debt and verbally agreed to pay the remainder, make a material difference? We think not. In either event Miller Bros. could recover from Frink any amount paid in pursuance of his request. The only difference is, that in one instance the evidence of Frink's request lies in parol while in the other it is in writing. In either case the promise to pay Frink's debt is verbal and the Statute of Frauds presents a complete defense.

The only case to which our attention has been called, where, upon the oral acceptance of such an order, the writing itself was left with the acceptor, is that of *Louisville, etc. Railway Co.* v. *Caldwell*, 98 Ind. 245. The views there expressed by the court of last resort of the State of Indiana are consonant with the conclusion reached above.

If the written request of Frink be regarded as a bill of exchange the result would not be different, as the verbal acceptance by the drawee of a bill of exchange, who holds no funds of the drawer, is no more than a parol promise to answer for the debt of another. Browne on Frauds, 174; 2 Rob. Pr. 152; *Quinn* v. *Handford*, 1 Hill, 84; *Pike* v. *Irwin*, 1 Sandf. 14; *Manly* v. *Grogan*, 105 Mass. 445; *Plummer* v. *Lyman*, 49 Me. 229; *Wakefield* v. *Greenhood*, 29 Cal. 600; *Walton* v. *Mandeville*, 56 Iowa, 597.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*