First Nat. Bank of Durant v. School Dist. No. 4, Bryan County.

## FIRST NAT. BANK OF DURANT v. SCHOOL DIST. No. 4, BRYAN COUNTY.

No. 1284.    Opinion Filed January 9, 1912.

(120 Pac. 614.)

1.  **BANKS AND BANKING—Checks—Revocation.** Checks are but inland bills of exchange and subject to all the rules applicable to instruments of that character, and impose no obligation upon the drawees until accepted; and, until presented and paid, are revocable by the drawer, who has the legal control of the money to his credit until ·actual acceptance or payment of the checks.

2.  **ASSIGNMENTS—Drafts—Assignment of Funds—Acceptance.** A draft drawn in the ordinary form does not constitute an equitable assignment **pro tanto** of funds in the hands of the drawee to the credit of the drawer before such draft has been accepted or presented for payment.

(Syllabus by the Court.)

*Error from Bryan County Court;*
*Charles A. Phillips, Judge.*

Action of School District No. 4, Bryan County, against the First National Bank of Durant.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Utterback & Hayes,* for plaintiff in error.

*J. T. McIntosh* and *C. B. Cochran,* for defendant in error.

KANE, J.  This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover a deposit made by the plaintiff in the defendant, a national bank.  After the evidence was in, the court instructed the jury to return a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.  For convenience, the plaintiff below will be called the school district and the defendant below the bank.

It seems that on the 8th day of September, 1908, the school district gave to one Bartsch a check or order on the bank for

the sum of $250; that the next morning E. T. Lawrence, treasurer of the school district and acting therefor, asked the vice president of the bank if the check or order had been paid, and upon the vice president answering that he had seen the check or order and the same had not been paid, Lawrence told the vice president not to pay the same, and the vice president said he would not; on the 13th day of October, 1908, the school district deposited at said bank the sum of $1,000, the price received for certain school district bonds; on the 8th day of September, before payment of the check or order was countermanded, Bartsch took the same to the vice president of the bank, who retained the same, and said to said Bartsch the bank would give him credit for said amount, against which he might draw at pleasure; that said order was not accepted in writing by said bank, but was put in the note case with other notes of the bank, and kept there until it was returned to the school district, with other vouchers, when its account was closed. Upon said account being closed, it appeared that on the 11th day of September, 1908, said bank paid Bartsch on his check or order the sum of $150, and on October 2, 1908,. $100, making a total of $250 paid to said Bartsch by virtue of his. arrangement with the vice president of the bank, after the payment of the check or order of the school district had been countermanded. The peremptory instruction was given upon the theory that, said check or order not having been accepted in writing by the bank, plaintiff was entitled to countermand its payment, and thereafter the bank was not authorized to pay the same. The judgment of the court below is correct.

"Checks are but inland bills of exchange, and subject to all the rules applicable to instruments of that character, and impose no obligation upon the drawees until accepted, and, until presented and paid, are revocable by the drawer, who has the legal control of the moneys to his credit until actual acceptance or payment of the checks, and this upon the principle that the contract and obligation of the banker is to and with the depositor, and not the holders of his checks." (*Aetna National Bank v. Fourth National Bank of New York*, 46 N. Y. 82, 7 Am. Rep. 314.)

Section 3666, Wilson's Statutes (sec. 4700, Comp. Laws 1909), provides:

"An acceptance of a bill must be made in writing, by the drawee, or by an acceptor for honor; and may be made by the acceptor writing his name across the face of the bill with or without other words."

Section 3668, Wilson's Statutes (sec. 4702, Comp. Laws 1909), provides:

"The holder of a bill of exchange may, without prejudice to his rights against prior parties, receive and treat as a sufficient acceptance: (1) An acceptance written upon any part of the bill, or upon a separate paper. (2) An acceptance qualified so far only as to make the bill payable at a particular place within the city or town, in which, if the acceptance was unqualified, it would be payable; or, (3) A refusal by the drawee to return the bill to the holder after presentment; in which case the bill is payable immediately without regard to its terms."

Counsel for plaintiff in error contend that when the vice president of the bank took said order and retained the same, and stated to the holder that the bank would give him credit for said amount, and afterwards returned it to the school district as a voucher against its account, that was not only an acceptance of the bill, but it was also an assignment of the account in so far as the immediate parties were concerned. The authorities do not seem to support this contention. In *Chicago Heights Lumber Co. v. Miller,* 219 Ill. 79, 76 N. E. 52, 109 Am. St. Rep. 314, it was held:

"The verbal acceptance by the drawee of a bill of exchange, who holds no funds of the drawer, is no more than a parol promise to answer for the debt of another."

Nor can the contention that the giving of the check or order to Bartsch constituted an assignment of that much of the money belonging to the school district on deposit in the bank be sustained. In the case at bar, the bank had no funds in its possession belonging to the school district, and was not in debt to the school district in any manner whatever at the time of its transaction with Bartsch. But, if at that time the school district was a debtor at the bank, still the check given to Bartsch would not operate as an assignment *pro tanto* of funds deposited.

"A draft drawn in the ordinary form does not constitute an equitable assignment *pro tanto* of funds in the hands of drawee

to the credit of the drawer before such draft has been accepted or presented for payment." (*Guthrie National Bank v. Gill,* 6 Okla. 560, 54 Pac. 434.)

In *Cincinnati, etc., R. R. Co. v. Bank,* 54 Ohio St. 60, 42 N. E. 700, 31 L. R. A. 653, 56 Am. St. Rep. 700, it was held:

"The giving of a check is not an assignment of so much of the creditor's claim. It passes no title, legal or equitable, to the holder in the moneys previously deposited, nor does it create a lien on the fund, for there is no special fund out of which the check can be paid, nor does it transfer any money to the credit of the holder. It is simply an order which may be countermanded and payment forbidden by the drawer any time before it is actually cashed or accepted."

Finding no error in the record, the judgment of the court below is affirmed.

TURNER, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., disqualified, not sitting.